■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY E. CLAY-BORN, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered January 8, 1982, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree. On June 25, 1981, two police officers from the Elmira Police Department went to the emergency room of St. Joseph's Hospital in Elmira, New York, to investigate an alleged assault. While there, one of the officers questioned the alleged victim of the assault and he was informed by her that she had been assaulted by defendant who was there at the hospital. This officer then questioned defendant at the hospital concerning the assault at which time defendant made both inculpatory and exculpatory remarks. Defendant was not given his *Miranda* rights (see *Miranda v Arizona,* 384 US 436) prior to this questioning nor was he arrested at that time. In a subsequent indictment, defendant was charged with the crimes of burglary in the second degree and assault in the third degree. A motion was made by defendant to suppress any statements made by him to the police officers at the hospital on the day in question and, following a hearing, this motion was denied. Defendant thereafter entered a plea of guilty of the crime of attempted burglary in the second degree in full satisfaction of the indictment and he was sentenced as a second felony offender to an indeterminate term of imprisonment with a minimum term of two years and a maximum term of four years. This appeal ensued. The sole issue raised before this court concerns the court's denial of defendant's motion to suppress. Defendant argues that he was sufficiently in custody at the hospital when questioned by the police officer so as to have required that he be informed of his *Miranda* rights prior to questioning. We disagree. The *Miranda* warnings are required in situations which are inherently coercive (*People v Mason,* 59 AD2d 580). Where an individual is physically deprived of his freedom of action in any significant way or is led to believe, as a reasonable person, that he is so deprived, then custody has occurred and the *Miranda* warnings become necessary (*People v Rodney P.,* 21 NY2d 1). To determine whether a custodial setting existed necessitates examination of the circumstances and atmosphere under which the statement was obtained (*People v Munro,* 86 AD2d 683). From our view of the record, we conclude that custodial interrogation did not take place at the hospital and that, therefore, defendant was not entitled to *Miranda* warnings prior to the questioning (see *People v Rodney P., supra*). Accordingly, defendant's motion to suppress was properly denied and the judgment must be affirmed. Judgment affirmed. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.