*788 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Admissibility of the defendant’s postarrest statement involves not the right to counsel but the protection against self incrimination. All of the spontaneity holdings relied upon by defendant, including that in People v Carmine A. (53 NY2d 816), concerned situations in which suppression turned on the right to counsel, not the right to preinterrogation warnings. Spontaneity in the latter context turns on whether a statement made by defendant was the product of “express questioning or its functional equivalent” (Rhode Island v Innis, 446 US 291, 300-301). The hearing Judge having found that the defendant’s postarrest statement was not in response to any question by the officers and the Appellate Division having held that the statement was not produced by the functional equivalent of interrogation, we may not overturn those rulings, absent error of law, not here present.
The claimed errors in admission of evidence are either unpreserved or harmless and, although the better practice would have been to give the limiting instruction requested by defendant’s attorney that in evaluating the testimony of the alibi witness the jury should not consider that she was on welfare or had borne children out of wedlock, the failure to do so furnishes no ground for reversal in light of the extended instruction on credibility given by the court and the absence of any comment by the prosecutor in summation on either fact as affecting the credibility of the witness.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order affirmed in a memorandum.