■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILSON, Appellant.—Judgment of the Supreme Court, New York County (Albert P. Williams, J., at trial; Herbert Altman, J., at suppression hearing), rendered on April 24, 1987, convicting defendant, after trial by jury, of criminal possession of a weapon in the third degree, and sentencing him, as a predicate violent felon, to a term of 2½ to 5 years, is unanimously reversed, on the law, and the matter remanded for a new trial.

Officers Dutkowsky and Waldvogel received a radio run about an assault in progress. Both officers ran to the roof of the premises, following the sound of footsteps. There, Dutkowsky saw defendant jump over a three-foot partition to the next building, walk over to an air shaft and drop something from his pocket down the air shaft. Both officers heard the sound of a heavy object hitting the floor of the air shaft some four stories down. They asked defendant where he lived, what he was doing at these premises and what he had dropped down the air shaft. After denying anything was thrown, he stated it was a crack pipe. The officers then retrieved a homemade gun from the floor of the shaft. Defendant was arrested and taken to the precinct where a search revealed a vial of crack and a bullet.

While defendant was in the holding cell at the precinct and Officer Dutkowsky was completing the paperwork relating to the arrest, several officers commented on the unusual homemade gun on Dutkowsky's desk. At some point, according to Officer Dutkowsky, defendant said "[T]hat ain't nothing. What I should have had was a .357."

Defendant contends that this statement made at the precinct, before he was advised of his *Miranda* rights, was the product of police interrogation and should have been suppressed.

If the police had interrogated defendant at the precinct without informing him of his *Miranda (Miranda v Arizona,* 384 US 436) rights, any statement would, of course, be inadmissible. Further, if police conduct or remarks absent *Miranda* warnings are reasonably likely to elicit such a statement, it should be suppressed *(People v Ferro,* 63 NY2d 316). However, here the record does not even suggest that the officers who looked at and commented on the gun even knew that defendant, in the holding cell at the time, had anything to do with it, much less had been arrested for its possession. The record is also devoid of any facts suggesting the existence

of an interrogational environment and, certainly, the comments were not of a provocative nature calculated to incur a response *(see, People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786).* Consequently, the hearing court's factual finding that defendant's statement was spontaneous and not the product of custodial interrogation was fully supported by the evidence before it, and we therefore affirm that determination.

However, as conceded by the People, the decision of the trial court to give the jury a portion of the jury charge in writing, over objection by the defendant, was reversible error, requiring a new trial *(see, People v Owens,* 69 NY2d 585). Concur—Sullivan, J. P., Carro, Asch, Kassal and Wallach, JJ.