■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered May 9, 1986, convicting him of attempted burglary in the third degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that his statements to the police should have been suppressed, since he was not given his *Miranda* warnings prior to custodial interrogation. We disagree.

The record indicates that on September 28, 1985, at about 1:30 A.M., a police officer observed the defendant standing in the doorway of a store which was closed for the night, making a side to side motion with his hand. The officer's partner recognized the defendant as Gregory Smith, who had a prior record for burglary. The defendant then walked away and dropped a screwdriver. As the officer approached in his vehicle, the defendant spontaneously blurted out the statement "what are you stopping me for, it was two brothers on a bike". The officer then received a call from his partner advising him that there had been an attempted break-in in the store. The officer exited his vehicle, approached the defendant and asked his name. The defendant answered "Gregory Johnson". After receiving this false information, the officer asked the defendant what he was doing and what were the glass particles on the defendant's left pants leg. The defendant's response to these two queries were, respectively, "Just walking" and "nothing".

In our view, the County Court correctly denied that branch of the defendant's omnibus motion which was to suppress these statements. The first response of the defendant was spontaneous and not the result of any interrogation *(People v Bryant,* 59 NY2d 786). At the point where the officer asked the defendant his name, he had reasonable suspicion to believe that the defendant was engaged in criminal activity and had the right, under CPL 140.50 (1), to temporarily detain him and ask his name *(see also, People v De Bour,* 40 NY2d 210; *Terry v Ohio,* 392 US 1).

Finally, the defendant's last two responses were also admissible since it is well settled that 1 or 2 questions of a suspect by the police at a crime scene, in order to find out what is transpiring, does not constitute interrogation to which *Miranda* is applicable *(People v Huffman,* 41 NY2d 29). As the Court of Appeals has stated *(People v Huffman, supra,* at 34): "We conclude, however, that the single question propounded to the defendant by the officer did not constitute a process of interrogation to which *Miranda* is applicable. The conduct of the defendant was, obviously, highly suspicious behavior and the question—'What are you doing back here?'—was designed to clarify the nature of the situation confronted, rather than to coerce a statement".

Accordingly, the judgment of conviction should be affirmed. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.