■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLO DI CARLO, Appellant.—Kane, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered July 25, 1988, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and attempted assault in the second degree.

Defendant, an inmate at Elmira Correctional Facility in Chemung County, was charged with promoting prison contraband in the first degree and attempted assault in the first degree as the result of his attack on another inmate with a broom handle in a classroom for student inmates at the facility. Defendant was apprehended by a correction officer called to the scene, who stated to defendant as he escorted him down the hallway, "I thought I saw you sweeping the floor in Mrs. Alacuas' room." After defendant described his

movements from one classroom to another and while the officer was calling for assistance, defendant blurted out, "I wish I had killed him." A similar statement was made later to another officer while he was in the process of giving defendant his *Miranda* warnings. Both of these statements were admitted into evidence at defendant's trial, over objection, together with other inculpatory remarks made to two Division of Correctional Services teachers at the scene of the incident. Defendant was convicted of promoting prison contraband in the first degree and attempted assault in the second degree, and was sentenced to concurrent prison terms of 3½ to 7 years and 2 to 4 years, to be served consecutively with his current sentence. The use of the inculpatory statements and the denial of defendant's motion for a mistrial form the basis for this appeal.

The judgment of conviction should be affirmed. The record clearly demonstrates that the statements made by defendant to the correction officers and to the teachers were spontaneous and not the result of any inquiry on their part which could be described as express questioning or its functional equivalent *(see, People v Bryant,* 59 NY2d 786, 788; *People v Timco,* 135 AD2d 980, 982, *lv denied* 72 NY2d 867). Moreover, it is abundantly clear that the teachers were not acting in a capacity which would suggest that they were law enforcement officers, nor were they acting in cooperation with or under the direction of law enforcement officers *(see,* CPL 60.45 [2] [b]).

Finally, as to the denial of defendant's motion for a mistrial, when it developed during the course of the trial that two of the jurors recognized one of the prosecution's witnesses, we find the conduct of both County Court and the jurors completely proper. The colloquy between the court and each juror, spread upon the record, satisfies both the requirements of statute and controlling case law *(see,* CPL 270.35; *People v Buford,* 69 NY2d 290, 298-299).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.