■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NESBY, Appellant.—Judgment of the Supreme Court, New York County (Frank Blangiardo, J., at hearing; Alvin Schlesinger, J., at trial and sentence), rendered on November 9, 1988, convicting defendant, after a jury trial, of burglary in the second degree and sentencing him as a persistent felony offender to an indeterminate term of imprisonment of 10 years to life, unanimously affirmed.

On the afternoon of September 11, 1987, the police responded to a radio call of a burglary in progress at 300 West 21st Street. In the hallway, they observed an apartment door partly ajar, its guard chain fastened, and the lock damaged.

Once inside the apartment, the police observed defendant behind a wall holding a knapsack and a tote bag. Displaying their weapons, the police ordered defendant to come out with his hands up and placed him against the wall. Without first informing defendant of his *Miranda* rights, a police officer asked defendant, "Whose apartment is this?" Defendant responded that he did not know. The police officer then asked defendant what he was doing in the apartment and defendant responded that he had "broken in." The officer asked defendant, "Whose property is this?" and defendant responded that he did not know.

Although defendant was in police custody when the police officer asked him the three questions, those questions did not "constitute a process of interrogation to which *Miranda* is applicable" *(People v Huffman,* 41 NY2d 29, 34). Inasmuch as it was quite possible that defendant was not the burglar, the questions were designed to clarify the nature of the situation confronted, rather than to coerce statements *(see, People v Huffman, supra; People v Chatman,* 122 AD2d 148). Therefore, the hearing court properly denied defendant's motion to suppress his statements.

Defendant's challenge to the prosecutor's comment during summation is unpreserved as a matter of law (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641) and we decline to review in the interest of justice.

Furthermore, the Supreme Court correctly denied defendant's request to be assigned a different attorney at the close of opening statements, since defendant did not make a showing of "good cause" for the requested assignment *(People v Medina,* 44 NY2d 199, 207). Nor did the court abuse its discretion in denying counsel's request for a mistrial after defendant expressed dissatisfaction with his attorney in the jury's presence.

Finally, there is no merit to defendant's contention that he was improperly sentenced as a persistent felony offender. Contrary to defendant's contentions, his 1981 plea to attempted burglary in the second degree was knowingly and voluntarily entered *(see, People v Harris,* 61 NY2d 9; *People v Frederick,* 45 NY2d 520). Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.