■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARIK GREEN, Appellant.—Judgment of the Supreme Court, New York County (Robert Haft, J.), rendered November 21, 1986, convicting defendant, after jury trial of attempted mur-

der in the second degree (Penal Law §§ 110.00, 125.25), two counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15), and criminal possession of a weapon in the second degree (Penal Law § 265.03) and sentencing him to concurrent indeterminate prison terms of from 11 to 22 years and from 7½ to 15 years, to run consecutively to his unexpired term of parole, unanimously affirmed.

The evidence in this case establishes that defendant, along with two other men, announced a "stickup" at the jewelry store of Peter Lo. The People's witnesses testified that, even before Peter Lo retrieved a licensed gun, defendant began shooting at him. Defendant was shot, and a cabdriver took him to Brooklyn Hospital. At the hospital, a detective asked defendant, "What happened?", in response to which defendant supplied a false alibi. Defendant was heard to curse when a witness to the robbery approached. Defendant was arrested and later placed in a lineup where he was identified by the other witnesses.

Contrary to defendant's contentions, the detective's question, "What happened?", did not constitute custodial interrogation (People v Huffman, 41 NY2d 29). Furthermore, his exclamation at the approach of the witness was a spontaneous statement rather than the product of interrogation (People v Bryant, 59 NY2d 786). In addition, since there was probable cause to arrest defendant at the hospital, the lineup identification was not the product of an unlawful arrest.

Viewing the evidence in a light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find it legally sufficient to establish the defendant's guilt beyond a reasonable doubt, and we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The record demonstrates that the jury's verdict was supported by overwhelming evidence that defendant shot at Peter Lo during the attempted robbery. The testimony of a witness who worked as a supervisor in the Complaint Room of the New York County District Attorney's office was not inconsistent with that of the other witnesses, nor was it incredible as a matter of law (People v Quevedo, 156 AD2d 265). In any case, it is well established that evaluation of the credibility of the witnesses is the province of the jury (People v Parks, 41 NY2d 36, 47) and, in this case, the jury's conclusions are clearly supported by the record.

We have examined defendant's other contentions and find that, in each instance, they were not preserved by timely and

specific objections. Even if these issues were to be reached, in the interests of justice, we would nevertheless conclude that no errors occurred.

The sentence imposed was not unlawful since there is no indication that vindictiveness based upon defendant's failure to plead guilty played any part in his sentencing *(People v Shaw,* 124 AD2d 686). Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.