■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON LUNA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered December 17, 1987, convicting him of burglary in the third degree (two counts), criminal mischief in the third degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The testimony adduced at the suppression hearing established that the defendant was observed inside the locked front door of a restaurant at 5:20 A.M. by police officers responding to a burglary alarm. When the defendant saw the arresting officers in their patrol car in front of the building, he ran away from the front entrance, back into the restaurant's interior. The officers ran around to the rear of the building just in time to see the defendant ascending a flight of stairs and running down the alley towards them. The officers seized the defendant after a short chase. As they were subduing him, one of the officers felt a bulge in the defendant's pocket. Upon being asked what it was, the defendant replied that he had obtained it inside the restaurant, and that two other individuals had been in there with him. The bulge turned out to be a roll of money. A later inspection of the restaurant interior disclosed more money and food stamps in a bag, which was marked with the name of the meat store adjacent to the restaurant. The officers placed the defendant in their patrol car, and upon arrival at the precinct he was read his *Miranda* rights. The defendant indicated his willingness to cooperate,

and repeated that he had obtained the money from the restaurant, which he had been burglarizing with two other individuals known to him by face alone. At approximately 9:50 A.M. that same morning, a detective assigned to the investigation again interviewed the defendant, after readministering *Miranda* rights, and obtaining the defendant's signature on a copy of those warnings. The defendant again repeated the substance of his earlier statements. The defendant did not testify at the hearing. The hearing court ruled all three statements admissible. After trial, the defendant was convicted on all counts.

On appeal, the defendant argues that his initial statement made at the arrest scene should have been suppressed on the basis that it was made in response to an improper custodial interrogation. The defendant further argues that the subsequent statements, although given after he had been warned of his *Miranda* rights, were part of an uninterrupted interrogation without pronounced break, and therefore tainted by the initial illegal interrogation. We disagree.

Given the substance of the arresting officer's question at the arrest scene, it clearly falls into that category of question "the intent of which [is] designed to clarify the nature of the situation confronted" by the arresting officers *(see, People v Huffman,* 41 NY2d 29, 34; *People v Smith,* 150 AD2d 738, 739). Thus, the defendant's statement to the effect that he had obtained the money inside the restaurant was properly held admissible *(see, People v Smith, supra).* The defendant's repetitions of his initial statement, made after the administration of *Miranda* rights, were likewise properly admitted.

Contrary to the defendant's *pro se* contentions, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt; and upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find no merit to the defendant's further *pro se* contention that the sentencing court improvidently exercised its discretion in imposing consecutive terms of imprisonment for the two counts of burglary in the third degree *(see, People v Higgins,* 137 AD2d 620).

The defendant's other contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.