■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN WESTERGREEN, Also Known as CHARLES THOMAS, Appellant.—Judgments, Supreme Court, New York County (Daniel P. FitzGerald, J., at trial, *Sandoval* hearing and sentence; Richard Carruthers, J., at *Huntley* hearing), rendered February 24, 1989, convicting defendant, after separate jury trials, of two counts of burglary in the third degree and sentencing him to consecutive indeterminate terms of 3½ to 7 years, unanimously affirmed.

Defendant was charged, in each of two separate indictments, with the crime of burglary in the third degree, in connection with incidents at two separate premises occurring, respectively, on December 23, 1987 (indictment No. 803/88) and on February 13, 1988 (indictment No. 2674/88).

In connection with indictment No. 803/88, defendant contends that the evidence at trial was insufficient to support the conviction. However, review of the record reveals overwhelming evidence of guilt presented by the People, based upon eyewitness testimony of defendant's unauthorized presence and actions in the premises, which is essentially uncontra-

dicted by defendant's inherently incredible claim of innocent purpose.

Defendant's *pro se* claims, in connection with indictment No. 803/88, of error on the part of the Trial Judge and prosecutorial misconduct have been reviewed and found to be without merit.

In connection with indictment No. 2674/88, defendant contends that the hearing Judge erred in denying suppression of statements made to the police both prior to and after administration of the *Miranda* warnings. Upon being summoned by building security personnel to investigate a "suspicious male" at the premises, police asked limited, on-the-scene clarifying questions of defendant regarding a possible crime, which did not require *Miranda* warnings *(People v Huffman,* 41 NY2d 29). Thus, the hearing court correctly held that statements made by defendant in response to such pre-*Miranda* questioning are admissible. It is conceded by defendant that all further statements made by defendant to the police were made post-*Miranda.* In light of defendant's concession, defendant's further argument that his post-*Miranda* statements should have been deemed inadmissible as "tainted" by defendant's pre-*Miranda* statements must fail.

Defendant's *pro se* claim of ineffective assistance of counsel has been reviewed and found to be without merit. Defendant's argument that the sentence imposed was excessive is likewise without merit. Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.