■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX MALDONADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 20, 1990, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that his statements to the police should have been suppressed on the ground that he was not advised of his *Miranda* rights prior to custodial interrogation. We disagree.

The arresting officer's pre-*Miranda* inquiry regarding the contents of the defendant's clenched fist was justified in order to protect the officer's welfare (see, People v Chestnut, 51 NY2d 14, 23, cert denied 449 US 1018). Moreover, given the defendant's wholly voluntary and spontaneous explanation that he had recovered the stolen necklace from an unapprehended perpetrator, the police officer properly requested a description of the purported robber. The defendant's explanation and the substance of the police query indicate that the officer's request was clearly designed to clarify the situation with which he was confronted, rather than elicit inculpatory statements from the defendant (see, People v Clark, 172 AD2d 679, 681; People v Luna, 164 AD2d 870, 871). Indeed, it is well settled that one or two questions of a suspect by police at a crime scene, in order to ascertain transpiring events, does not constitute a custodial interrogation to which *Miranda* is applicable (see, People v Smith, 150 AD2d 738, 739).

The defendant's further contention that his right to a fair

trial was vitiated by a prosecutorial summation, which was allegedly pervaded with misconduct, is without merit. The prosecutor's comments were a direct and fair response to the summation of the defense counsel which manifestly impugned the credibility and veracity of the People's witnesses *(see, People v Morgan,* 136 AD2d 749; *People v Colon,* 122 AD2d 151).

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.