■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CESAR ROSA, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J., at suppression hearing; Joseph Fisch, J., at plea and sentence), rendered June 17, 1991, convicting defendant of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 7 years to life, unanimously affirmed.

Police officers, responding to a radio call of a burglary in progress, found defendant kneeling in front of and "working" on the door of the reportedly burglarized apartment. While one officer detained defendant for a patdown, the other entered the apartment when he found the door unlocked. The apartment had been ransacked and no one was in it. Defendant was then arrested and searched, resulting in the recovery of jewelry, later identified by the tenant as belonging to her.

We agree with the suppression court that the circumstances in which the police found defendant could lead them to believe that he had burglarized the apartment, and that probable cause existed to arrest him (People v De Bour, 40 NY2d 210, 223). The court properly allowed certain pre-*Miranda* statements, as they were not the result of coercive interrogation and were made prior to the defendant being arrested but subsequent to his being forcibly detained, and properly suppressed other pre-*Miranda* statements made after the defendant was handcuffed and searched (People v Westergreen, 168 AD2d 395, 396, lv denied 77 NY2d 1002).

The court properly utilized defendant's 1977 manslaughter conviction as one of the predicate felonies for his adjudication as a persistent violent felony offender (People v Morse, 62 NY2d 205, 216-218). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.