■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT PALMER, Appellant. [597 NYS2d 825] —Mahoney, J. Appeal

from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 18, 1991, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

On September 17, 1990, a 1988 Sierra pick-up truck registered in the name of defendant's aunt, Delores Lavigne, was stolen. Later that evening, defendant and Andrew Hazlip were pulled over in the stolen truck in Ohio by an Ohio State Trooper. Defendant originally gave law enforcement officials a false name and false Social Security number. Following questioning at the County Jail, defendant confessed that he had used a false name and that he had stolen his aunt's truck. Defendant signed a statement to that effect. Waiving extradition, defendant was returned to Chemung County where he ultimately was indicted on one count of grand larceny in the third degree. Although defendant originally pleaded guilty to the charged crime, he was later permitted to withdraw his plea. Thereafter, defendant's motion to suppress the statement he made to the police was denied following a *Huntley* hearing and the case went to trial. The jury found defendant guilty as charged and he was sentenced as a second felony offender to a term of 3½ to 7 years' imprisonment. This appeal followed.

We affirm. Initially, we reject defendant's contention that County Court's denial of his request to charge unauthorized use of a vehicle in the third degree as a lesser included offense of the charged crime was error. While, concededly, it is possible to commit grand larceny in the third degree without also committing unauthorized use of a vehicle in the third degree, thus meeting the first prong of the test enunciated in *People v Glover* (57 NY2d 61, 63), we conclude that defendant's request to charge was properly refused because it failed to meet the second prong of that test, namely that a reasonable view of the evidence supports a finding that defendant committed the lesser offense but not the greater *(see, supra)*. Despite defendant's contention otherwise, a reasonable review of the evidence in this case does not support a finding that defendant committed unauthorized use of a vehicle in the third degree but not the larceny charge. Rather than simply taking his aunt's truck for a "joy ride", the evidence indicates that defendant was discovered in the vehicle some 300 miles away heading further west and he used an assumed name when confronted by the police. Given this information and defendant's admissions to the police which indicated that he

would not be returning the truck,* we conclude that it would be unreasonable to find that defendant had committed the lesser offense but not the greater *(see, People v Groom,* 188 AD2d 674, 675).

Next, we find that defendant was properly adjudicated a second felony offender. The special information alleged that a judgment previously had been entered convicting defendant of burglary in the second degree for which he received a sentence of 2 to 6 years *(see, People v Palmer,* 144 AD2d 1043). Defendant's arguments concerning an earlier judgment under a different indictment, which resulted in his adjudication as a youthful offender and a sentence of probation, are simply inapposite to the case at bar. Inasmuch as defendant fails to articulate a viable claim relating to the conviction that actually formed the basis of his adjudication as a predicate felon, no basis for reversal on this ground has been presented.

Finally, we have reviewed defendant's claim that his sentence was harsh and excessive and find it to be without merit *(see, People v Mackey,* 136 AD2d 780, 780-781, *lv denied* 71 NY2d 899).

Weiss, P. J., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.

---

* To the extent that defendant appears to argue that his statement to the police should not be considered in viewing the evidence because it was allegedly not voluntary or was taken in violation of his *Miranda* rights, we note that our review of the *Huntley* hearing convinces us that County Court did not abuse its discretion in denying defendant's motion to suppress the statement *(see, People v Slater,* 173 AD2d 1024, 1025-1026, *lv denied* 78 NY2d 974).