■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE PORTER, Appellant. [632 NYS2d 336] —Cardona, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered December 22, 1992, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On May 28, 1991, inmates at Southport Correctional Facility in Chemung County seized control of "A-block" taking several correction officers hostage. During the siege, defendant, an

inmate, was observed near a prison yard fence holding a handmade knife against a blindfolded hostage. Defendant was eventually indicted for promoting prison contraband in the first degree. Following a jury trial, defendant was convicted as charged and sentenced, as a predicate felon, to a prison term of 3 to 6 years, consecutive to an unexpired sentence of 4 to 12 years for robbery.

Defendant first argues that the verdict was against the weight of the evidence. We disagree. Correction Officer Barry Fletcher testified that during the takeover he was stationed on the roof of A-block. Fletcher stated that he observed defendant holding a handmade knife against Correction Officer Robert Tuttle for a period of approximately 2 to 3 minutes. Although these observations were made from a distance of 65 yards, Fletcher stated that he was aided by a pair of binoculars, his view was unobstructed, he knew defendant and could clearly see him holding the knife in his right hand against Tuttle.

Called by the defense, Tuttle and another hostage, Correction Officer Patrick McDermott, testified that they did not see defendant armed with a knife during their ordeal. Tuttle confirmed that he was blindfolded at times and therefore could not always see the inmates guarding him. During his testimony, defendant claimed that he never possessed a knife during the hostage takeover. Defendant further stated that he was incapable of holding a knife in his right hand as described by Fletcher because of medial nerve damage to that hand. Also, despite the fact that he played an active role in negotiating the release of the hostages, defendant maintained that he was not a willing participant in the takeover.

Exercising our weight of the evidence review power (*see, People v Bleakley*, 69 NY2d 490, 494-495), we find no legitimate basis in the record for doubting Fletcher's version of the events. The fact that it conflicted with defendant's version simply presented an issue of credibility which the jury reasonably resolved against defendant (*see, People v Van Nostrand*, 217 AD2d 800, 803). We see no reason to disturb that determination.

We also find no merit to defendant's contention that his sentence is unduly harsh and excessive. We note that County Court did not sentence defendant to the harshest sentence permitted by law (*see,* Penal Law §§ 205.25, 70.06). In the absence of an abuse of discretion or extraordinary circumstances warranting modification, we decline to disturb defendant's sentence (*see, People v Palmer*, 193 AD2d 888; *People v Mackey*, 136 AD2d 780, *lv denied* 71 NY2d 899).

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.