■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THELONIOUS RAGIN, Appellant. [638 NYS2d 693] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered August 26, 1992, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

The defendant's statements to the police were properly admitted into evidence since they were voluntarily made (see, People v Green, 161 AD2d 359; People v Clayborn, 90 AD2d 597). Although the defendant was hospitalized when he made the statements, there is no evidence in the record that he was unable to comprehend their meaning (see, People v Butler, 175 AD2d 252; People v Pearson, 106 AD2d 588). In addition, contrary to the defendant's contention, the statements were admissible as an admission, which is an exception to the hearsay rule (see, Prince, Richardson Evidence § 8-251, at 552 [Farrell 11th ed]).

The defendant's contention that his guilt was not proven beyond a reasonable doubt is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In addition, the defendant contends that the People's main witness, because of her criminal history and involvement with illegal drugs, should not have been believed by the jury. However, resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.