■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE S. BURNETT, Appellant. [644 NYS2d 79] —Spain, J.

In April 1991, defendant was indicted in a five-count indictment on two counts of burglary in the third degree, two counts of possession of burglar's tools and one count of criminal mischief in the third degree. The indictment stems from two separate incidents within Albany County; one occurred on March 6, 1991 at a Sears Roebuck and Company store located in the Town of Colonie (hereinafter Colonie), and the other occurred on April 26, 1991 at the Price Chopper supermarket located in the Village of Menands (hereinafter Menands). On both occasions police agencies were alerted to a possible burglary in progress; upon arrival police officers found the stores closed and securely locked. Upon entering each respective store, police officers confronted defendant and subsequently arrested him.

Prior to trial, defendant filed an omnibus motion seeking,

*inter alia*, to exclude statements to arresting officers made at the time of his arrests and to sever the counts of the indictment. County Court denied defendant's motion to sever on the ground that defendant failed to demonstrate good cause for severance and, after a suppression hearing, denied defendant's motion to suppress his statements. Prior to trial, defendant requested the assignment of new counsel. After inquiry of both defendant and defendant's counsel, County Court denied defendant's request. Following a jury trial, defendant was acquitted of three of the charges and convicted of burglary in the third degree and criminal mischief in the fourth degree, both convictions arising out of the Menands incident. Defendant was sentenced to concurrent prison terms of $2^{1}/_{3}$ to 7 years and one year, respectively. Defendant appeals.

We affirm. Initially, we conclude that County Court did not abuse its discretion in denying defendant's motion for severance. Here, the crimes charged in the indictment were "the same or similar" and therefore properly joined (CPL 200.20 [2] [c]). Once offenses are properly joined, the defendant bears the burden of demonstrating good cause as to why separate trials are required (*see*, CPL 200.20 [3]; *see also*, *People v Lane*, 56 NY2d 1, 7-8). Applications for severance are addressed to the trial court's sound discretion (*see*, CPL 200.20 [3]), which must weigh "the public interest in avoiding duplicative, lengthy and expensive trials against the defendant's interest in being protected from an unfair advantage in favor of the People" (*People v Mercer*, 151 AD2d 1004, *lv denied* 74 NY2d 815).

The record supports County Court's conclusion that defendant failed to demonstrate good cause for severance. Significantly, it is clear that the jury considered each count separately based upon its acquittal of defendant on three of the original five charges, including the two charges solely related to the Colonie incident. The fact that the jury acquitted defendant of the Colonie charges strongly suggests that defendant suffered no actual prejudice from the joining of offenses into one trial (*see*, *People v Squires*, 171 AD2d 893, 894, *lv denied* 78 NY2d 927). As such, we reject defendant's contention that he suffered prejudice from the possibility that the jury would aggregate evidence on each charge (*see*, *People v Jackson*, 178 AD2d 851, 852, *lv denied* 79 NY2d 1002; *People v King*, 170 AD2d 710, 713, *lv denied* 77 NY2d 997; *People v Casiano*, 138 AD2d 892, 894, *lv denied* 72 NY2d 857).

Moreover, the proof of each crime was separately presented, uncomplicated and easily distinguishable in the jury's mind (*see*, *People v Groves*, 157 AD2d 970, *lv denied* 75 NY2d 919).

There was no substantial difference in the quantum of proof at trial for the different crimes (see, *People v Simms*, 172 AD2d 336, 337-338, *lv denied* 78 NY2d 974). Nor did defendant claim that he was deterred from testifying to one burglary because of a strong need to refrain from testifying with respect to the charges arising from the second burglary (see, *People v Lane*, 56 NY2d 1, 8, *supra*; *People v Mack*, 111 AD2d 186, 188, *lv denied* 66 NY2d 616).

Next we reject defendant's contention that County Court erred in denying his motion to suppress. Although County Court found that defendant was in custody at the time the statements were made, it determined that (1) defendant's statements to David Leonardo, the original arresting officer at the Colonie incident, were gratuitous remarks and that (2) defendant's statements to Michael Torrey, an assisting arresting officer at the Colonie incident and to Michael Franze, the arresting officer at the Menands incident, were in response to pre-*Miranda* inquiries which were investigatory in nature, and thus did not constitute custodial interrogation. In our view, the officers' pre-*Miranda* inquiries were permissible threshold crime scene inquiries (see, *People v Pileggi*, 141 AD2d 866); these questions were designed to clarify the nature of the situation confronted, rather than to elicit inculpatory statements (see, *People v Huffman*, 41 NY2d 29, 34; *People v Nesby*, 161 AD2d 246, 247, *lv denied* 76 NY2d 793). This is especially true in light of the fact that the officers arrived at each scene during the course of the alleged burglary (and not after the completion of the alleged crime), thus further justifying a need for clarification (see, *People v Maldonado*, 184 AD2d 590; *People v Smith*, 150 AD2d 738, *lv denied* 74 NY2d 819; *People v Schipski*, 130 AD2d 781, 782, *lv denied* 70 NY2d 803).

The statements made to Leonardo in Colonie were gratuitous and spontaneous and not the result of any interrogation (see, *People v Bryant*, 59 NY2d 786; *People v Green*, 161 AD2d 359, 360, *lv denied* 76 NY2d 857). Leonardo testified that when he saw defendant at the scene he immediately drew his gun and told defendant not to move. Defendant continued to advance toward Leonardo and repeatedly stated to Leonardo, "How do I get outta here?" When Leonardo told defendant to stop moving, defendant stated "I got sick. I went to the men's room and I fell asleep."

Defendant's statements to Torrey were also admissible. The record reveals that Torrey asked defendant his name, asked him for identification and what he was doing in the store. In response to these three questions, defendant stated that he was

in the store, he felt sick, went to the bathroom, fell asleep, woke up and found the store empty, and was trying to find a way out but he could not find a phone. Although defendant was in police custody when the police officer asked him these questions, these three questions did not constitute custodial interrogation to which *Miranda* is applicable (*see, People v Green, supra; People v Nesby, supra; People v Stackhouse*, 160 AD2d 822, *lv denied* 76 NY2d 865; *People v Esposito*, 138 AD2d 732). Similarly, defendant's statements to Franze in Menands were also in response to limited, on-the-scene clarifying questions (*see, People v Westergreen*, 168 AD2d 395, 396, *lv denied* 77 NY2d 1002). Franze testified that upon arriving at the supermarket, he drew his gun and handcuffed defendant. He then asked defendant, who was found in the store after hours, why he was there, to which defendant replied that he was sick and looking for the men's room. Accordingly, we conclude that County Court correctly denied defendant's motion to suppress these statements.

Further, we find no merit in defendant's contention that County Court improperly denied his request for substitution of counsel. The record reveals that County Court questioned defense counsel and defendant prior to trial about his request for substitution of counsel. Defendant stated that his request was based upon irreconcilable conflict, breakdown in communication and lack of trust. Defendant's counsel stated that although she would have no objection to the assignment of new counsel, she was willing to continue to represent defendant and felt that nothing inappropriate had been done in this case. To be entitled to a new assigned counsel, the defendant must show "good cause" for substitution, such as a conflict of interest or other irreconcilable conflict with counsel (*see, People v Sawyer*, 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Medina*, 44 NY2d 199, 207). The decision to appoint new counsel rests within the sound discretion of the trial court (*see, People v Bailey*, 224 AD2d 435); in deciding whether good cause exists, the trial court must conduct a careful inquiry to determine whether the present counsel is likely to afford a defendant effective assistance (*see, People v Medina, supra*, at 205-208). In our view, County Court did not improvidently exercise its discretion in refusing to assign new counsel (*see, People v Rua*, 198 AD2d 311, 312); it conducted an appropriate inquiry into defendant's complaints and based its decision upon its full knowledge of all pretrial discovery and motion practice conducted by counsel on defendant's behalf.

Finally, we conclude that defendant's contention that his

sentence was unduly harsh and excessive is without merit. Absent an abuse of discretion or extraordinary circumstances warranting modification, both of which are lacking herein, defendant's sentence should not be disturbed (see, People v Parker, 220 AD2d 815; People v Porter, 220 AD2d 884; People v Palmer, 193 AD2d 888; People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899).

Crew III, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.