■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PANAY GEORGIOU, Appellant. [654 NYS2d 651] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered June 12, 1995, convicting him of criminal possession of marihuana in the second degree and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

We agree with the Supreme Court that the defendant's statements to the police were spontaneous. Prior to advising the defendant of his *Miranda* rights, the police did not engage in any conduct which an objective observer would conclude was reasonably likely to elicit a response from the defendant (*see, People v Ferro,* 63 NY2d 316, 321). It cannot be said that Sergeant Hamilton, who made certain statements in a normal tone of voice while he was not in the same room as the defendant, knew or should have known that his statements would elicit an incriminatory response (*see, Rhode Is. v Innis,* 446 US 291, 302; *People v Bryant,* 59 NY2d 786).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented,

are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.