■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant. [659 NYS2d 768] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 21, 1995, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that his right to counsel was violated when the trial court denied his request for a change in assigned counsel. "[T]here is no right of choice between court-appointed counsel. While courts have a duty to carefully evaluate complaints concerning court-appointed counsel, an indigent's request that a court assign new counsel should not be granted casually" *(People v Sider,* 232 AD2d 666). A defendant may be entitled to new assigned counsel upon showing good cause for a substitution "such as a conflict of interest or other irreconcilable conflict with counsel" *(People v Burnett,* 228 AD2d 788). When a defendant's request on its face suggests a serious possibility of irreconcilable conflict with his lawyer, the trial court is obliged to make "some minimal inquiry" to determine whether the request has a "genuine basis" *(People v Sides,* 75 NY2d 822, 824-825). Here, the defendant's statements to the trial court, coupled with his written motion, enabled the court to ascertain the grounds for defendant's motion and to determine that good cause was lacking.

The defendant's remaining contention is without merit. Bracken, J. P., Rosenblatt, Thompson and Krausman, JJ., concur.