People v Hartnagel (2019 NY Slip Op 07415)





People v Hartnagel


2019 NY Slip Op 07415


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-02179
 (Ind. No. 9771/13)

[*1]The People of the State of New York, respondent,
v
Wayne Hartnagel, appellant.


Janet E. Sabel, New York, NY (Ellen Dille of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (James P. Sullivan, J.), rendered on February 16, 2016, convicting him of burglary in the second degree, grand larceny in the fourth degree, attempted burglary in the second degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in consolidating for trial a 2013 indictment charging him with, inter alia, burglary in the second degree at an address on Wyckoff Avenue in Brooklyn with a 2014 indictment charging him with, among other things, attempted burglary in the second degree at an address on Starr Street in Brooklyn (see CPL 200.20[2][c]; People v Sutton, 151 AD3d 763; People v Burnett, 228 AD2d 788). The "[p]roof of each charge was separately presented, uncomplicated and easily distinguishable" (People v Nickel, 14 AD3d 869, 870 [internal quotation marks omitted]).
The defendant's contention that the DNA evidence pertaining to the Wyckoff Avenue burglary charge violated his rights under the Sixth Amendment's Confrontation Clause because the testifying analyst merely "function[ed] as a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315; see Crawford v Washington, 541 US 36, 53-54; People v Austin, 30 NY3d 98) is unpreserved for appellate review, and we decline to review the issue in the exercise of our interest of justice jurisdiction (see People v Mancha, 162 AD3d 903; People v Forde, 153 AD3d 852).
The defendant's contention that the Supreme Court should have charged the jury that evidence of guilt as to one incident should not be considered as evidence of guilt as to the other incident is also unpreserved for appellate review, and we decline to review the issue in the exercise of our interest of justice jurisdiction (see People v Mancha, 162 AD3d 903; People v Forde, 153 AD3d 852).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. A review of the record reveals that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The defendant's remaining contention is without merit.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court