■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEOFFREY M. NORTON, Appellant.—Kane, J. P. Appeal from a judgment of the Supreme Court (Ingraham, J.), rendered May 20, 1986 in Cortland County, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

Subsequent to his indictment for the crime of operating a motor vehicle while under the influence of alcohol, as a felony, defendant made a motion to, inter alia, suppress certain statements he made to the police as well as the results of a breathalyzer test that he took. At the suppression hearing the following facts were elicited.

Sergeant David Sampson testified that at approximately 10:00 P.M. on October 11, 1985, he observed defendant in a stalled motor vehicle in the immediate vicinity of a railroad crossing in the Village of Homer, Cortland County. Defendant was in the operator's seat trying to start the auto. Patrolman Paul Isaf was contacted to come and raise the gates at the crossing. Meanwhile, Sampson went over to defendant and defendant told him that he was out of gas. Upon Isaf's arrival, while defendant steered, he and Sampson pushed the auto off the road. Sampson stated that in talking with defendant, he detected the odor of alcohol. Before leaving the scene, Sampson therefore told Isaf to help defendant get gas but to make sure that defendant could drive before letting him do so. Isaf

testified that at that point, defendant got into the front seat of Isaf's patrol car and they went for gas. As soon as defendant got into Isaf's vehicle, Isaf informed him that he smelled of alcohol and that he would probably test defendant before letting him drive. Isaf also testified that on the way to the gas station he engaged in "small talk" with defendant. This included questions regarding where defendant was going and where he was coming from. Defendant told Isaf that he was driving home from his father's house. Isaf further testified that, after arriving with the gas, when defendant leaned over the hood of his car, he almost fell to the ground. Isaf then told defendant he wished to administer an alco-sensor test and defendant consented. After the test, Isaf arrested defendant and from a card read him his DWI rights and *Miranda* warnings. Defendant stated that he understood and that he consented to a breathalyzer test. After Isaf brought defendant to the police station, he again read defendant his *Miranda* rights and asked him questions on a standard DWI form. Defendant repeated what he had earlier told Isaf and added that he had consumed four cans of beer. He was again given the DWI warnings and again consented to a breathalyzer test. The results of that test indicated that defendant was driving while under the influence of alcohol.

After the hearing, Supreme Court granted the motion to suppress with respect to the statements made by defendant after his arrest. The court, however, refused to suppress the statements made by defendant prior to his being formally arrested. The court also refused to suppress the results of either the alco-sensor test or the breathalyzer test. Defendant then pleaded guilty to the crime charged in the indictment and the instant appeal ensued.

The first question we address is whether the statements made by defendant to Isaf while en route to the gas station should have been suppressed because defendant at that time had not been advised of his *Miranda* rights. While we agree with Supreme Court's decision to deny the motion to suppress these statements, in that they were not the result of Isaf's having interrogated defendant, we do disagree with its conclusion that defendant was not in custody at the time these statements were made.

Custody occurs if a person is physically deprived of his freedom of action in any significant way or is led to believe as a reasonable person that he is so deprived *(People v Rodney P., 21 NY2d 1, 8; see, Miranda v Arizona, 384 US 436)*. The test is not what the defendant thought *(People v Yukl, 25 NY2d 585,*

589, *cert denied* 400 US 851), nor is the subjective intent of the police determinative *(People v Rodney P., supra,* at 8). Rather, the relevant inquiry is what a reasonable person in the individual's position would have understood his situation to be *(People v Yukl, supra,* at 589).

Nevertheless, while a "policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' " *(Berkemer v McCarty,* 468 US 420, 442), that is not the situation in the instant case. Here, Isaf specifically testified that immediately upon defendant's getting in the patrol car to go for gasoline, Isaf told defendant he would probably be testing him for the presence of alcohol before defendant would be permitted to drive. At that point, the situation was then rendered custodial since, in our view, a reasonable person under these circumstances would have believed that his freedom of action was significantly restricted *(see, People v Huffman,* 41 NY2d 29; *People v Lee,* 33 AD2d 397). Therefore, the statements made to Isaf during the ride to the gas station were made while defendant was in custody.

However, even if custody is found, this does not mandate the suppression of defendant's statements. As the Court of Appeals has stated: "both the elements of police 'custody' and police 'interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by *Miranda.* The fact that there may have been police questioning is not controlling" *(People v Huffman,* 41 NY2d 29, 33, *supra; see, People v Rodney P., supra).* The test is whether the police asked questions they should have known were reasonably likely to elicit an incriminating response from the individual *(Rhode Is. v Innis,* 446 US 291, 302). If that is the case, only then are the questions considered to be interrogatory, thus requiring that they be preceded by the *Miranda* warnings *(see, People v Huffman, supra).*

Here, we agree with Supreme Court's finding that Isaf was not interrogating defendant while they were in the patrol car going for gas. In making this determination, we note that although an officer's intent on this issue is not controlling, that is not to say that it is irrelevant *(Rhode Is. v Innis,* 446 US 291, 301-302, n 7, *supra; People v Man Lee Lo,* 118 AD2d 225). We accept Isaf's characterization of the conversation as "small talk". He did not pursue his line of questioning and he simply asked defendant where he was coming from and where he was going *(see, People v Man Lee Lo, supra).* The questions were not of such a nature that it can be said that Isaf should

have known that they were likely to elicit an incriminating response.

With respect to defendant's final contention, from what we are able to discern from his brief on this appeal, he is arguing that the results of the breathalyzer test administered to him constitute the fruit of the poisonous tree *(see, People v Roberts,* 106 AD2d 850; *People v Paulin,* 33 AD2d 105, *affd* 25 NY2d 445) because the test was administered as a result of defendant's statement that he had been driving, which was allegedly obtained in violation of defendant's *Miranda* rights. This contention is without merit. As we have noted, defendant's statements were not obtained in violation of his *Miranda* rights. Additionally, we also note that the alco-sensor test was not given as a result of defendant's statements but due to Sampson's smelling of alcohol and Isaf's observing defendant almost falling to the ground. As Isaf stated, as soon as defendant got into the patrol car, Isaf told him that he would probably test defendant for the presence of alcohol. This was before any statements were made by defendant. We reach no other issues.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.