■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosenblatt, J.), rendered February 1, 1985, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the jury's verdict is repugnant because it acquitted him of criminal possession of a weapon in the second and third degrees. Because the defendant did not raise this issue prior to the discharge of the jury the matter is not preserved for appellate review (see, People v Satloff, 56 NY2d 745, rearg denied 57 NY2d 674; People v Ahmedoff, 131 AD2d 683, lv denied 70 NY2d 708). In any event, after reviewing the court's instructions to the jury as to both the

robbery counts and the weapons possession counts, we find that the verdict is not inherently repugnant *(see, People v Goodfriend,* 64 NY2d 695; *People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039; *People v Ahmedoff, supra).* Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.