■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SOTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered July 5, 1990, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pesce, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials is granted to the extent that all of the defendant's post-arrest statements are suppressed, and a new trial is ordered. No questions of fact have been raised or considered.

While on patrol in the Greenpoint section of Brooklyn on the evening of June 30, 1989, Police Officer Bruce Hammonds observed the defendant and an unidentified man engaged in what "appeared to be a drug sale". From a distance of about 10 feet away, Hammonds saw the defendant handing a vial filled with a white substance to his unidentified companion in exchange for money. When Hammonds and his partner approached the two men, the defendant threw a brown paper bag to the ground, and his companion fled. Hammonds grabbed the defendant by the arm, and asked him what he was doing there. The defendant replied that he had been smoking marihuana, and pulled a glassine envelope of this substance from his pocket. At this point, Hammonds placed the defendant under arrest, and then asked him whether the brown paper bag which had been thrown to the ground was his. The defendant responded that the contents of the paper bag belonged to him, but that he was not selling anything to the individual who fled. It was subsequently discovered that the paper bag contained 46 vials of cocaine.

At the conclusion of a pretrial *Huntley* hearing, the hearing court denied the defendant's motion to suppress his statements to Officer Hammonds. Although the hearing court found that the defendant was in custody at the time the statements were made, the court determined that Officer Hammonds' pre-*Miranda* inquiries were preliminary and in-

vestigatory in nature, and thus did not constitute interrogation within the meaning of *People v Huffman* (41 NY2d 29).

On appeal, the defendant contends that the hearing court erred in finding that the questioning conducted by Officer Hammonds following his arrest did not constitute interrogation for which the administration of *Miranda* warnings was required. We agree. It is settled law that "1 or 2 questions of a suspect by the police at a crime scene, in order to find out what is transpiring, does not constitute interrogation to which *Miranda* is applicable" *(People v Smith,* 150 AD2d 738, 739). Conversely, however, where criminal events at the crime scene have been concluded and the situation no longer requires clarification of the crime or its suspects, custodial questioning will constitute interrogation *(see, People v Huffman, supra,* at 34; *People v Shivers,* 21 NY2d 118). Officer Hammonds initially observed the defendant in the process of what he believed to be a drug sale. Moreover, Officer Hammonds placed the defendant under arrest for possession of marihuana before he inquired whether the paper bag, which the officer had seen the defendant throw to the ground, was actually his. While the officer's questioning of the defendant was not extensive, under these circumstances we find that his pre-*Miranda* inquiry regarding ownership of the bag "transcended the boundary between an attempt to clarify the situation and an attempt to elicit a statement" *(People v Johnson,* 64 AD2d 907, 910). Accordingly, the defendant's admission that the contents of the paper bag belonged to him should be suppressed as the product of custodial interrogation conducted in the absence of *Miranda* warnings. Further, since we cannot say that the introduction of the defendant's post-arrest statements did not contribute to the finding of guilt, the judgment of conviction must be reversed *(see, People v Crimmins,* 36 NY2d 230, 237).

In light of our determination, we do not reach the defendant's remaining contentions. Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur. *[See,* 147 Misc 2d 572.]