■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BRENDA WATSON, Appellant.—Appeal by the defendant from a
judgment of the Supreme Court, Westchester County (Cola-
bella, J.), rendered August 30, 1990, convicting her of murder
in the second degree, grand larceny in the third degree,
criminal possession of stolen property in the third degree, and
criminal possession of a weapon in the fourth degree, after a
nonjury trial, and imposing sentence. The appeal brings up for
review the denial, after a hearing, of that branch of the
defendant's omnibus motion which was to suppress physical
evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred when
it declined to suppress the homicide victim's antique engage-
ment ring, ruling that it would have been inevitably discov-
ered in the course of normal police procedure notwithstanding
a prior illegally obtained statement.

The inevitable discovery exception to the exclusionary rule
requires the People to establish "a very high degree of proba-
bility that the evidence in question would have been obtained
independently of the tainted source" *(People v Payton,* 45
NY2d 300, 313, *revd* 445 US 573, *on remand* 51 NY2d 169;
*People v Fitzpatrick,* 32 NY2d 499, 506, *cert denied* 414 US
1033, 1050; *People v Stith,* 69 NY2d 313, 318; *People v Knapp,*
52 NY2d 689, 697-698; *People v Ruffin,* 133 AD2d 425, 429;
*People v Buffardi,* 92 AD2d 899, 901). "[T]he inevitable discov-
ery exception is based on the perception that in certain
circumstances the interest of society is better served by hav-
ing relevant and material evidence admitted in criminal cases
than by deterring police misconduct through the exclusion of
evidence unlawfully acquired" *(People v Stith, supra,* at 318;
*see also, Nix v Williams,* 467 US 431, 442-443). The exception
does not apply to "the very evidence obtained in the illegal
search", i.e., primary evidence, but only to secondary evidence,
i.e., "evidence obtained indirectly as a result of leads or

information gained from the primary evidence" *(People v Stith, supra,* at 318).

We agree with the hearing court that the ring in question was admissible under the inevitable discovery exception to the exclusionary rule. The evidence adduced at the suppression hearing established that normal police procedure—including a well established system of checks on local establishments which bought and sold silver and gold items—would have inevitably led to the ring's discovery, notwithstanding the prior illegality *(see, People v Fitzpatrick, supra,* at 506).

The defendant's remaining contention is unpreserved for appellate review (CPL 470.05 [2]). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.