■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ROMAN, Appellant. [610 NYS2d 872] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Robinson, J.), both rendered October 31, 1991, convicting him of criminal possession of a forged instrument in the second degree (two counts; one as to each indictment), upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

On two separate occasions at the Department of Motor Vehicles (DMV) located in Jamaica, New York, the defendant, pretending to have connections within the DMV, obtained fraudulent learner's permits for Lewis Inca and Francis Roberts in exchange for money. Before the defendant solicited them, Inca and Roberts, neither of whom were United States citizens, had both just been rejected by the window clerk due to insufficient identification documentation. Following an investigation of illegal activities at the DMV, the defendant was subsequently arrested. Both Inca and Roberts identified the defendant at trial and testified that they believed that the transactions and permits were valid.

As the People concede, the trial court erred in denying the defendant's request to submit to the jury the question as to whether Inca and Roberts were accomplices of the defendant (see generally, People v Basch, 36 NY2d 154, 157; People v Ortiz, 143 AD2d 851, 852; People v Tusa, 137 AD2d 151, 155; People v Crutchfield, 134 AD2d 508). However, this error was harmless in light of the jury's verdict which necessarily

concluded that Inca and Roberts were not willing participants in the fraudulent scheme (see, e.g., People v Koopalethes, 166 AD2d 458).

Moreover, the trial court properly admitted the testimony of the DMV investigator, who observed the defendant on several occasions obtain documents for persons in exchange for money using the same modus operandi as in the charged crimes, as evidence of the defendant's intent to defraud his victims (see, People v Molineux, 168 NY 264, 293; People v Vails, 43 NY2d 364, 369; People v Condon, 26 NY2d 139, 144; People v Sanchez, 154 AD2d 15, 24).

Viewing the evidence adduced at trial in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.