■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BROWN, Appellant. [663 NYS2d 76] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered June 20, 1996, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the hearing court erred in refusing to suppress statements made by the defendant after he was advised of, and waived, his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436). Although the defendant was asked questions by an officer prior to receiving the *Miranda* warnings at the precinct, he was not subjected to any additional questioning during the approximately 40-45 minute period before he was advised of his rights and made oral and written statements to a detective. Therefore, those statements were admissible, as they were not the product of a continuous interrogation (*see, People v Hawthorne,* 160 AD2d 727; *People v*

*Armstrong*, 210 AD2d 182). Moreover, while the defendant made a statement at the scene before he was advised of his rights, that statement was spontaneous, as the hearing court properly concluded that it was "made without apparent external cause" (*see, People v Stoesser*, 53 NY2d 648, 650; *People v Rivers*, 56 NY2d 476; *People v Simmons*, 210 AD2d 441; *People v Quezada*, 177 AD2d 660).

The defendant claims that the jury verdict is repugnant and was the result of an improper compromise because he was acquitted of the crime of robbery in the first degree under Penal Law § 160.15 (4) despite evidence that his unapprehended accomplice displayed what appeared to be a pistol, but was convicted of robbery in the second degree under Penal Law § 160.10 (1). The defendant did not raise this issue prior to the discharge of the jury and therefore it is not preserved for appellate review (*see, People v Satloff*, 56 NY2d 745; *People v Cruz*, 175 AD2d 212; *People v Taylor*, 138 AD2d 427). In any event, after reviewing the court's instructions to the jury, we find that the verdict is not repugnant (*see, People v Goodfriend*, 64 NY2d 695; *People v Tucker*, 55 NY2d 1). Bracken, J. P., Sullivan, Joy and McGinity, JJ., concur.