■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SANTARELLI, Appellant. [704 NYS2d 90] —Appeal by the de-

fendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered June 10, 1997, convicting him of escape in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to the police.

Ordered that the judgment is affirmed.

We agree with the defendant that the hearing court improperly denied that branch of his motion which was to suppress statements which he made to the police at the scene of his arrest, as those statements were made in response to police interrogation designed to elicit inculpatory statements from the defendant prior to the reading of *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436, 444-445; *People v Chapple,* 38 NY2d 112; *People v Huffman,* 41 NY2d 29, 34; *People v Soto,* 183 AD2d 926, 927). However, any error in admitting the statements made to the police at the scene of the arrest was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230; *People v Molina,* 248 AD2d 489, 490).

The hearing court properly denied that branch of the defendant's motion which was to suppress statements which he subsequently made to the police at the station house. These later statements, which were made after the defendant knowingly, intelligently, and voluntarily waived his *Miranda* Rights (*see, People v Santiago,* 72 NY2d 836; *People v Mejia,* 262 AD2d 585; *People v Rosario,* 245 AD2d 470; *People v Vanegas,* 237 AD2d 469), were admissible because the defendant was not subject to such continuous interrogation that the *Miranda* warnings given to him were insufficient to protect his rights (*see, People v Chapple, supra,* at 115; *People v Brown,* 243 AD2d 484; *People v Hicks,* 226 AD2d 938).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Friedmann, J. P., Florio, Schmidt and Smith, JJ., concur.