■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEO D. PARULSKI, Respondent. (Appeal No. 1.) [716 NYS2d 260] —Order insofar as appealed from reversed on the law and motion denied in part in accordance with the following Memorandum: In appeal No. 1, the People appeal from that part of an order of County Court suppressing defendant's written statement given at the scene of a fatal hit-and-run accident on the ground that defendant had not been administered his *Miranda* warnings. Defendant had been out with his friend at some bars and drove his friend home. His friend left the car and, upon attempting to cross the road, was struck and killed by a hit-and-run driver. Defendant called for assistance, and the State Police arrived at the scene shortly thereafter. After approximately an hour, a State Trooper obtained a written statement from defendant. That statement detailed the events of the evening

concerning the accident; it did not state that defendant had been drinking. Approximately 20 minutes after giving that statement, defendant was placed under arrest for driving while intoxicated. The court erred in suppressing defendant's statement. The statement was not the product of police interrogation and thus *Miranda* warnings were not required. The Trooper was investigating a hit-and-run accident, and the questions she asked were investigatory and not accusatory (*see, People v Bongiorno,* 243 AD2d 719, 719-720, *lv denied* 91 NY2d 889; *People v Bowen,* 229 AD2d 954, 955, *lv denied* 88 NY2d 1019; *People v DeBlase,* 142 AD2d 926, 927; *People v Norton,* 135 AD2d 984, 986). We therefore reverse the order in appeal No. 1 insofar as appealed from and deny that part of defendant's motion seeking to suppress the written statement made by defendant to the police at the accident scene.

In appeal No. 2, the People appeal from an order granting defendant's application to dismiss the indictment, made after the People filed a notice of appeal from the suppression order along with a statement pursuant to CPL 450.50 (1). The court determined that, without the suppressed statement, the evidence was insufficient as a matter of law (*see,* CPL 450.50 [1]). We reject the contention of the People that, pursuant to CPL 450.50 (2), their filing of the notice of appeal from the suppression order acted as a bar to any further action, including any action taken by defendant. The purpose of CPL 450.50 (2) is to discourage the People from filing frivolous appeals (*see, Matter of Forte v Supreme Ct.,* 48 NY2d 179, 188). The statute prohibits further prosecution by the People, but does not bar further action by the defendant (*see, People v Green,* 131 Misc 2d 641, 643). In light of our determination concerning the suppression order, however, we reverse the order in appeal No. 2 dismissing the indictment, reinstate the indictment and remit the matter to Steuben County Court for further proceedings on the indictment.

All concur except Green, J. P., and Wisner, J., who dissent and vote to affirm in the following Memorandum.

Green, J. P., and Wisner, J. (dissenting). We respectfully dissent. County Court's determination that defendant was subjected to custodial interrogation at the accident scene is entitled to great weight (*see, People v Prochilo,* 41 NY2d 759, 761) and should not be disturbed unless it is not supported by the evidence (*see, People v Turkenich,* 137 AD2d 363, 367; *People v Oates,* 104 AD2d 907, 910, *lv denied* 64 NY2d 762). The evidence at the suppression hearing supports the determination that defendant was in custody after the State Trooper

told him not to leave the scene and then directed him into her patrol car. A reasonable person in defendant's position, innocent of any crime, would not have believed that he was free to leave (*see, People v Yukl,* 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851). The evidence further supports the determination that the Trooper's questioning of defendant in the patrol car constituted interrogation. Before she questioned defendant in the patrol car, the Trooper had been at the accident scene for approximately an hour and a half and had asked defendant noncustodial, investigatory questions about the circumstances of the accident (*see, People v Bowen,* 229 AD2d 954, *lv denied* 88 NY2d 1019). She also observed that defendant showed signs of intoxication and suspected that he had been driving under the influence of alcohol. When the Trooper directed defendant into the patrol car, her "questions constituted an 'after-the-fact' investigation, designed to elicit an inculpatory response from defendant, not to clarify the nature of the situation confronted by the [Trooper] or to acquire general information before taking further action (*cf., People v Huffman,* 41 NY2d 29)" (*People v Crowley,* 98 AD2d 628, 630; *see, People v Johnson,* 64 AD2d 907, 910, *affd* 48 NY2d 674; *People v Soto,* 183 AD2d 926, 927). Thus, as the court concluded, *Miranda* warnings were required and the statement in the patrol car must be suppressed as the product of custodial interrogation conducted in the absence of those warnings (*see, People v Soto, supra,* at 927). We therefore would affirm the order in appeal No. 1 suppressing that statement and the order in appeal No. 2 dismissing the indictment (*see,* CPL 450.50 [2]; *Matter of Forte v Supreme Ct.,* 48 NY2d 179, 186-187). (Appeal from Order of Steuben County Court, Bradstreet, J.—Suppression.) Present—Green, J. P., Hayes, Wisner, Scudder and Lawton, JJ.