■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL RIFKIN, Appellant. [733 NYS2d 710] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered June 8, 1994, convicting him of murder in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

We agree with the defendant's contention that the hearing court should have suppressed the statements he made to the police and State troopers at the scene of his arrest. Although

the police may ask a suspect preliminary questions at a crime scene in order to find out what is transpiring (*see, People v Johnson,* 59 NY2d 1014; *People v Greer,* 42 NY2d 170; *People v Huffman,* 41 NY2d 29; *People v Soto,* 183 AD2d 926), where criminal events have been concluded and the situation no longer requires clarification of the crime or its suspects, custodial questioning will constitute interrogation (*see, People v Huffman, supra,* at 34; *People v Soto, supra*). Contrary to the hearing court's finding, the initial questions posed to the defendant after he had been handcuffed and placed in the back seat of a police car were not merely designed to clarify the situation, and thus constituted interrogation. Since these initial statements were made prior to the administration of *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436, 444-445), they should have been suppressed (*see, People v Chapple,* 38 NY2d 112; *People v Santarelli,* 268 AD2d 603). Moreover, since there was no definite, pronounced break between the statements which preceded *Miranda* warnings and the additional statements which the defendant made at the crime scene, all of the crime scene statements should have been suppressed (*see, People v Bethea,* 67 NY2d 364; *People v Chapple, supra*). However, in light of the otherwise overwhelming evidence of the defendant's guilt, reversal is not warranted (*see, People v Krom,* 61 NY2d 187, 201; *People v Santarelli, supra; People v Molina,* 248 AD2d 489, 490).

We find no merit to the defendant's further claim that the hearing court should have suppressed the full confession he subsequently made to different police officers at the station house approximately five hours after his arrest. The confession was made after the defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights, and after a definite and pronounced break in the interrogation sufficient to remove any taint from the initial crime scene statements (*see, People v Santarelli, supra; People v Morgan,* 277 AD2d 331; *People v James,* 253 AD2d 438; *People v Nisbett,* 225 AD2d 801; *People v Salami,* 197 AD2d 715; *People v McIntyre,* 138 AD2d 634). Moreover, the defendant did not testify at the suppression hearing, and no evidence was adduced to support his claim that his confession was made on constraint of the prior inadmissible statements under the "cat out of the bag" theory (*People v Morgan, supra; see, People v James, supra; People v McIntyre, supra*). Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.