THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE F. BASTIAN, III, Appellant. [743 NYS2d 217] —Appeal from a judgment of Livingston County Court (Alonzo, J.), entered January 11, 2001, convicting defendant af-

ter a jury trial of, inter alia, scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]) and grand larceny in the fourth degree (§ 155.30 [1]). The evidence at trial established that defendant promised two women, one of whom was an undercover officer, that he would make their driving while intoxicated (DWI) charges disappear in exchange for a fee. Defendant contends that the evidence is legally insufficient to support his conviction of both crimes because the People did not establish fraudulent intent or a false promise. We disagree. An "inference of wrongful intent logically flowed from the proven facts and * * * [a] valid line of reasoning could lead a rational trier of fact, viewing the evidence in the light most favorable to the People, to conclude that the defendant committed the charged crime" (*People v Norman,* 85 NY2d 609, 620; *see also People v Brown,* 286 AD2d 960, *lv denied* 97 NY2d 679). Contrary to defendant's further contention, County Court properly admitted evidence of defendant's prior crimes on the issue of defendant's intent to defraud the two victims (*see People v Carelock,* 278 AD2d 851, *lv denied* 96 NY2d 757; *People v Roman,* 203 AD2d 493, 494, *lv denied* 84 NY2d 872; *People v Berger,* 155 AD2d 951, *lv denied* 75 NY2d 917; *see generally People v Molineux,* 168 NY 264, 293-294). "When fraudulent intent is in issue, evidence of other similar acts [is] admissible to negate the existence of an innocent state of mind" (*People v Lowenstein,* 203 AD2d 304, 305, *lv denied* 83 NY2d 873).

Defendant further contends that the evidence before the grand jury was legally insufficient to establish that he stole more than $1,000 from one person. It is well settled that, "when a judgment of conviction has been rendered based upon legally sufficient trial evidence, appellate review of a claim alleging insufficiency of Grand Jury evidence is barred" (*People v Wiggins,* 89 NY2d 872, 874; *see* CPL 210.30 [6]; *People v Brown,* 269 AD2d 809, *affd* 96 NY2d 80; *People v Beyor,* 272 AD2d 929, *lv denied* 95 NY2d 832). Here, the People presented legally sufficient evidence at trial to establish that defendant stole more than $1,000 (*see* Penal Law § 155.30 [1]). Although defendant promised each victim that he would help her with her DWI charges in exchange for $700 or $800, he collected $1,500 from only the undercover officer on behalf of both victims. Under these circumstances, where the larceny occurred at the same

time and place and pursuant to a single intent and common plan, aggregation of the amount taken by defendant was permissible (*see generally People v Buckley,* 75 NY2d 843, 846; *People v Cox,* 286 NY 137, 142-145, *rearg denied* 286 NY 706; *cf. People v Fayette,* 239 AD2d 696, 697, *lv denied* 90 NY2d 904; *People v Perlstein,* 97 AD2d 482, 484).

We agree with defendant, however, that the court erred in refusing to suppress a statement made by defendant to a police officer. When defendant met with the two victims, the undercover officer wore a wire to enable the police in the area to listen to the transaction. After defendant took the money from the undercover officer, he returned to his vehicle but was immediately apprehended by officers who had listened to the transaction. One of the officers ordered defendant to exit his vehicle and, before administering *Miranda* warnings, he asked defendant where the money was located. Defendant replied that it was in the black briefcase on the front seat of the vehicle and, upon obtaining defendant's permission, the officer opened the briefcase. We agree with defendant that the officer's question constituted interrogation and that the court should have suppressed defendant's statement in response to that question because defendant was in custody at the time and had not been advised of his *Miranda* rights. Contrary to the People's contention, the officer's question was "designed to elicit an inculpatory response from defendant, not to clarify the nature of the situation confronted by the officers or to acquire general information before taking further action" (*People v Crowley,* 98 AD2d 628, 630; *see People v Chappelle,* 189 AD2d 695; *cf. People v Johnson,* 59 NY2d 1014, 1016; *People v Huffman,* 41 NY2d 29, 34; *People v Morales,* 216 AD2d 154, 154). The crime had been committed by defendant in the presence of the police and was completed at the time the officer asked where the money was located. "[W]here criminal events have been concluded and the situation no longer requires clarification of the crime or its suspects, custodial questioning will constitute interrogation" (*People v Rifkin,* 289 AD2d 262, 263).

Nevertheless, we conclude that the court's failure to suppress the statement is harmless error. There is no reasonable possibility that the error might have contributed to the conviction and thus the error is harmless beyond a reasonable doubt (*see People v Crimmins,* 36 NY2d 230, 237; *People v Perkins,* 289 AD2d 940; *People v Ruben,* 267 AD2d 961, *lv denied* 94 NY2d 924). Defendant did not dispute that he had taken money from the undercover officer. We have considered defendant's remaining contentions and conclude that they are lacking in

merit. Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.