OPINION OF THE COURT
Memorandum.
Order unanimously modified on the law by vacating the provisions thereof dismissing the accusatory instrument, suppressing defendant’s statements and determining that defendant’s arrest was without probable cause, accusatory instrument reinstated and matter remanded to the court below for a determination de novo of the branch of defendant’s motion seeking to suppress evidence; as so modified, affirmed.
In this action charging defendant with driving while intoxicated (Vehicle and Traffic Law § 1192 [2]), the People, who filed no CPL 450.50 certification, appeal from an order, after a hearing, “suppressing” defendant’s admissions as to the motor vehicle’s operation solely upon the People’s conceded failure to afford defendant proper notice of their intent to use those statements at trial (see CPL 710.30), and dismissing the accusatory instrument on the ground that without the admissions the People could not prove operation, and therefore, that there was no probable cause for defendant’s arrest. We note that the People’s failure to certify their inability to proceed without the suppressed evidence (CPL 450.20 [8]; People v McIntosh, 173 AD2d 490, 491-492 [1991], affd 80 NY2d 87 [1992]) may be excused where, as here, the order dismisses the accusatory instrument “simultaneously” with the suppression of evidence essential to the People’s proof of the offense (People v Townsend, 127 AD2d 505, 507 [1987]; People v Brooks, 54 AD2d 333, 336-337 [1976]; People v Midgett, 86 Misc 2d 1003, 1005 [App Term, 9th & 10th Jud Dists 1976]; e.g. People v Parulski, 277 AD2d 907, 908 [2000]).
*37 While we leave undisturbed the court’s determination to preclude the statements at trial (cf. CPL 710.30 [3]), said determination provided no basis to exclude the evidence from its probable cause review or to dismiss the accusatory instrument. Because suppression hearings are not part of a trial, a court may consider precluded statements in a suppression motion determination, for example, whether the People had probable cause to arrest (People v Fusco, NYLJ, July 7, 1998, at 31, col 1 [Nassau Dist Ct]; People v Folk, NYLJ, July 17, 1992, at 26, col 3 [Crim Ct, Kings County]). Accordingly, we remand the matter to the court below for a determination de novo of the suppression motion.
We also agree that the accusatory instrument should not have been dismissed. A preclusion order based on a CPL 710.30 violation affects only the evidence’s use “upon trial” (CPL 710.30 [3]; see CPL 1.20 [11]; People v Goodson, 57 NY2d 828, 830 [1982]). Whether, absent the precluded proof, there remains sufficient evidence to prosecute the charge is a matter for the People to determine (e.g. People v Smedman, 184 AD2d 600, 603-604 [1992]).
McCabe, P.J., Rudolph and Angiolillo, JJ., concur.