■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIKA BAKER, Appellant. [811 NYS2d 471]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 3, 2002, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

Following an altercation that left a woman dying of stab wounds outside the door of an apartment, police arrived and were informed that the young female assailant had retreated inside. The apartment was occupied by others who claimed that the assailant was not there but invited police to take a look. When police then found a locked bathroom door in the apartment, they kicked it open and confronted defendant who exclaimed, "I didn't stab her!" When then asked, "What happened?", defendant stated that she had been in a fight with the woman upstairs. This answer prompted *Miranda* warnings, and defendant was then transported to the police station where she waived her rights and signed a written statement in which she admitted stabbing the victim. Defendant, then 16 years of age, was charged with two counts of murder in the second degree and unsuccessfully moved to suppress her statements to police. Following a jury trial, at which she testified that she had acted in self-defense, defendant was acquitted of murder in the second degree but convicted of manslaughter in the first degree as a lesser included offense. County Court sentenced defendant to a prison term of 22 years. Defendant appeals, challenging both the admission of her statements and the harshness of her sentence.

While defendant may have been in custody when she made her initial oral exclamation, it was spontaneous and the police officer's single question asking what had happened was "designed to clarify the nature of the situation confronted, rather than to coerce a statement" (*People v Huffman*, 41 NY2d 29, 34 [1976]). While the circumstances confronting the officer were certainly suspicious, they were also ambiguous and the officer needed to clarify what had happened and who had been involved (*see People v Brand*, 13 AD3d 820, 822 [2004], *lv denied* 4 NY3d 851 [2005]; *People v Stroman*, 118 AD2d 1006, 1007-1008 [1986], *lv denied* 68 NY2d 672 [1986]). Thus, defendant's statements, oral and written, were properly admitted at trial.

Finally, despite defendant's youth and limited criminal history, we can find no abuse of discretion or extraordinary circumstances warranting an interest of justice reduction of her lawful sentence (*see People v Hamlin*, 21 AD3d 701, 701-702 [2005], *lv denied* 5 NY3d 852 [2005]; *People v Hanrahan*, 9 AD3d 689, 689 [2004]; *People v Norton*, 9 AD3d 741, 742 [2004]; *People v Baker*, 6 AD3d 751, 751 [2004]).

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.