Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered March 23, 2007, convicting him of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marijuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is affirmed.
The defendant contends that the hearing court erred in declining to suppress a gun on the ground that it would have been inevitably discovered notwithstanding a prior illegally-obtained statement. We disagree. Contrary to the defendant’s contention, the evidence adduced at the suppression hearing established that normal police procedures would have inevitably led to the discovery of the gun independently of the tainted source (see People v Payton, 45 NY2d 300, 313 [1978], revd on other grounds 445 US 573 [1980]; People v Hardy, 5 AD3d 792 [2004]; People v Watson, 188 AD2d 501 [1992]).
Contrary to the defendant’s contention, the People demonstrated that the confidential informant who provided information to the police was reliable. The informant had previously provided reliable information to the police, leading to arrests, and, under the supervision of investigating officers, conducted several controlled purchases of narcotics from the defendant in this case (see People v Joshua, 286 AD2d 343 [2001]; People v Williams, 220 AD2d 711 [1995]). Accordingly, the search warrant was supported by probable cause.
To the extent that the defendant contends that the police *685 exceeded the scope of the search warrant, that contention is unpreserved for appellate review and, in any event, is without merit. Rivera, J.E, Lifson, Eng and Chambers, JJ., concur.