■ The People of the State of New York, Respondent, v Efrain Rivera, Appellant. [937 NYS2d 621]—

Contrary to the defendant's contention, the trial court did not, in effect, deprive him of the right to challenge the voluntariness of a statement he made at a hospital by precluding certain evidence. In this regard, the trial court providently exercised its discretion in precluding the defendant's hospital record and photographs taken of him hours after he made his statement, as any probative value that evidence may have had would have been substantially outweighed by its prejudicial effect (*see People v Scarola*, 71 NY2d 769, 777 [1988]; *People v Jessamy*, 282 AD2d 288, 289 [2001]).

The defendant correctly contends that his statement made at the scene of the crime, which was made without the benefit of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), and after he had been handcuffed and subject to express questioning, should have been suppressed (*see People v O'Connor*, 6 AD3d 738, 739-740 [2004]; *People v Hardy*, 5 AD3d 792, 793 [2004]; *People v Rifkin*, 289 AD2d 262, 263 [2001]; *People v Soto*, 183 AD2d 926, 927 [1992]). Nevertheless, the admission of that statement was harmless beyond a reasonable doubt, particularly in light of the defendant's own admissions during his testimony at trial (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Graham*, 48 AD3d 265, 266 [2008]; *People v Reid*, 34 AD3d 1273, 1273 [2006]).

The defendant's contentions that the prosecutor's allegedly improper questions during cross-examination of him and comments during summation constitute reversible error are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v West*, 86 AD3d 583, 584 [2011]; *People v Prowse*, 60 AD3d 703, 704 [2009]; *People v Crawford*, 54 AD3d 961, 962 [2008]). In any event, the questions the prosecutor asked the defendant were either proper or do not warrant reversal (*see People v Bryant*, 39 AD3d 768, 769 [2007]; *People v Siriani*, 27 AD3d 670 [2006]; *People v Overlee*, 236 AD2d 133, 136 [1997]). The prosecutor's remarks during summation were mostly either fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]). Although some of the remarks

were improper, they were not sufficiently prejudicial to require reversal (*see People v Galloway*, 54 NY2d 396, 401 [1981]; *People v Valerio*, 70 AD3d 869 [2010]).

The defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Chambers, Hall and Miller, JJ., concur.