OPINION OF THE COURT
W. Patrick Falvey, J.
The amended decision and order of the Dundee Village Court dated December 3, 2012 is reversed on the law by vacating the provisions thereof dismissing the accusatory instruments, suppressing all evidence and determining defendant’s arrest was without probable cause. The accusatory instruments are reinstated and the matter is remanded to the Village Court for a determination of the branch of defendant’s motion seeking to suppress statements; determine the admissibility of the “field sobriety tests” and the officer’s conclusions following these tests.
The Village Court improperly dismissed the action in the interest of justice sua sponte, without a written motion made by defendant, and without an opportunity for the People to respond to any such motion. CPL 170.30 allows for an interests of justice dismissal of an information, simplified information, prosecutor’s information or misdemeanor complaint. CPL 170.40 provides that a motion for dismissal in the interest of justice may be made by either party or the court itself. CPL 170.45 requires that “[t]he procedural rules prescribed in section 210.45 with respect to making, consideration and disposition of a motion to dismiss an indictment are also applicable to a motion to dismiss an information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint.” And, CPL 210.45 requires that a motion to dismiss be made in writing, on notice to the People. (See People v Littles, 188 AD2d 255 [1st Dept 1992] [where the court improperly dismissed an indictment, sua sponte]; see also People v Aldrich-O’Shea, 6 Misc 3d 35 [2d Dept 2004] [where the People’s failure to certify *784 their inability to proceed without the suppressed evidence (CPL 450.50) was excused because the lower court’s order dismissed the accusatory instrument, along with suppressing evidence essential to the People’s proof of the offense].)
The People appeal from a Dundee Village Court amended decision and order dated December 3, 2012 which ruled following a suppression hearing that the arresting officer did not have probable cause to stop the defendant’s vehicle, suppressed the evidence obtained following the stop, and dismissed the action in the interest of justice. The People argue that the Village Court erred in concluding that the stop was unlawful in this driving while intoxicated (DWI) prosecution, and further erred in dismissing the charges against the defendant in the interest of justice.
A transcript of the audio recording of the hearings, held September 28, 2012, which included Sandoval, Huntley, and probable cause hearings, has been provided to the court. The Village Court ruled on the Sandoval application on the record but has not yet ruled on the Huntley hearing issue nor determined the admissibility of the “field sobriety tests” and the admissibility of the officer’s conclusions following these tests.
The defendant was seen by Deputy Emerson driving a BMW in the Village of Dundee in the early morning hours of January 27, 2012, stopped at a stop sign at the corner of Millard and Main Street. The deputy testified that he noticed tinted windows in the car, and so he followed the defendant’s vehicle, watching it take a left, and coming to a stop sign. He testified that the defendant failed to signal 100 feet before the stop sign, where he turned left. Deputy Emerson turned on his emergency lights and pulled over the BMW on Edwina Street in the Village of Dundee.
After the stop, the officer used a tint meter to measure the tint percentage of the driver’s side window, and the passenger window behind the driver. These were the windows he observed before the stop, which he thought were impermissibly tinted. The officer determined from this test that the windows were not impermissibly tinted. He testified, however, that he smelled alcohol when he spoke to the defendant after the stop, and ended up ticketing him for DWI, but not for impermissibly tinted windows, nor for failure to signal the turn. The “Supporting Deposition/DWI Bill of Particulars” dated January 27, 2012, which indicates “supporting deposition served on defend *785 ant” does not state failure to signal as a reason for the stop, but lists “VTL Violation of Section(s) 37512AB2” as a reason for the stop. Nor were any of the tickets issued to the defendant issued for failure to signal a turn. Defendant was in fact issued a ticket for “SIDEWINGS/SIDEWINDOWS/NON-TRASNPRNT. ’ ’ However, the officer’s undated field notes under “initial observations” does state failure to signal as one of the reasons for the stop.
At the hearing, the officer testified that he filled out the field notes when he returned to the station the day he stopped the defendant.
Compare People v Robinson (97 NY2d 341 [2001]), where the Court in discussing one of the cases before it in that appeal, People v Reynolds, noted that the police officer initiated a stop of the defendant’s truck in the City of Rochester, when he saw a man he knew to be a prostitute, enter defendant’s truck. “The resulting investigation did not lead to any charges involving prostitution. Nevertheless, because the driver’s eyes were bloodshot, his speech slurred and there was a strong odor of alcohol, police performed various field sobriety tests, with defendant failing most.” (Id. at 347.)
“Defendant was charged with driving while intoxicated, an unclassified misdemeanor, and operating an unregistered motor vehicle, a traffic infraction.” (Id. at 347.) The Court of Appeals reversed the County Court’s affirmation of dismissal, granted by the Rochester City Court.
“A police officer who can articulate credible facts establishing reasonable cause to believe that someone has violated a law has established a reasonable basis to effectuate a stop.” (Id. at 353-354.)
“We therefore conclude that the officer who stopped the vehicle had the requisite probable cause to believe that a violation of Vehicle and Traffic Law § 375 (12-a) (b) (4) had occurred.” (People v Estrella, 48 AD3d 1283, 1285 [4th Dept 2008], citing People v Robinson, 97 NY2d 341, 349-350 [2001]; People v McKane, 267 AD2d 253 [1999], lv denied 94 NY2d 922 [2000].)
“A traffic stop is not rendered unconstitutional merely because the officer is factually mistaken about the suspected violation.” (United States v Jenkins, 324 F Supp 2d 504, 509 [2004].)
An officer’s mistake of fact must be distinguished from an officer’s mistake of law. Where the officer has made a mistake of *786 law, such as where an officer stopped defendant’s vehicle because the officer thought that it was illegal to leave a parking lot without signaling a turn, suppression is appropriate. (Matter of Byer v Jackson, 241 AD2d 943 [4th Dept 1997].)
Here, however, the officer made a mistake of fact, when he observed the driver’s side window and that of the passenger seat behind the driver, and thought they were impermissibly tinted. (Vehicle and Traffic Law § 375 [12-a] [b] [2], [3].) The court concludes that the stop of the defendant’s vehicle was lawful, based on the officer’s observations of the windows, albeit that the officer made a mistake of fact, in that the windows were not illegally tinted. And, even though the officer did not ticket the defendant for failure to signal a turn, the officer’s unchallenged testimony at the hearing that he observed the defendant failing to use his turn signal 100 feet before the stop sign is also sufficient reason for the stop of defendant’s vehicle. Therefore, the evidence garnered after that stop should not have been suppressed due to an illegal stop. (See People v Pealer, 20 NY3d 447, 457 n 2 [2013], citing People v Robinson, 97 NY2d 341, 349 [2001].)
The defendant argues that the lower court, in assessing credibility, found the officer’s testimony that he observed the defendant failing to signal the turn not worthy of belief. He points to the fact that no ticket was issued for this alleged violation, and that no mention was made of it until defendant received the omnibus discovery, including the officer’s field notes. However, the lower court in its amended decision did not mention the officer’s credibility as a reason for suppressing the evidence and dismissing the action, and this court may not read such a finding into the lower court’s decision.
CPL 470.15 (1) provides that intermediate courts may consider any question of law or issue of fact involving error or defect in the criminal court proceedings, which may have adversely affected the appellant. Here, the court, in considering the question of law of whether the officer had reasonable cause to believe that the defendant had violated a Vehicle and Traffic Law provision, concludes that the officer did have such reasonable cause. Thus, the Village Court’s order suppressing the evidence garnered following the stop of the defendant’s vehicle due to illegal stop was error. Further, it was error for the Village Court to have dismissed the action.
The matter is remanded to the Dundee Village Court to rule on the rest of the defendant’s omnibus motion regarding the pending Huntley and field sobriety issues.
*787 It is hereby ordered that the dismissal of the case is vacated, and the matter is remitted to Dundee Village Court for further proceedings.