■ The People of the State of New York, Respondent, v Angel Valentin, Appellant. [987 NYS2d 227]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered June 15, 2011, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The evidence at the suppression hearing revealed that when the police arrived at the scene in response to a report of "a dispute with a knife," they found two wounded men—the defendant and Wilfredo Suarez—and the body of Iris Cuadrado. The police handcuffed both men. After Emergency Medical Services technicians arrived, a police officer asked the defendant "what happened," and the defendant gave an inculpatory response (*see Miranda v Arizona*, 384 US 436 [1966]). Later, after being advised of his rights, the defendant gave two additional inculpatory statements. On appeal, the defendant contends that the hearing court erred in refusing to suppress these three statements. Specifically, he contends that his initial statement to the police was the product of a custodial interrogation conducted without the benefit of *Miranda* warnings, and that his two subsequent statements were tainted by that initial, unwarned statement.

*Miranda* warnings are required only when a suspect is subjected to "custodial interrogation," which, by definition, entails both "custody" and "interrogation" (*see People v Huffman*, 41 NY2d 29, 33 [1976]; *People v Kittell*, 135 AD2d 1021, 1022 [1987]; *People v Johnson*, 64 AD2d 907, 909 [1978], *affd* 48 NY2d 674 [1979]). Here, the police officer's single question did not amount to interrogation, but was merely an attempt to clarify the situation confronting the police (*see People v Huffman*, 41 NY2d at 34; *People v Baker*, 27 AD3d 887, 888 [2006]; *People v Luna*, 164 AD2d 870, 871 [1990]; *cf. People v Rifkin*, 289 AD2d 262, 262-263 [2001]; *People v Soto*, 183 AD2d 926 [1992]). Accordingly, the defendant's response to that single question was not the product of an unwarned custodial interrogation, and it did not taint the defendant's subsequent statements. Consequently, the hearing court properly denied the defendant's motion to suppress his statements.

The defendant next contends that the trial court erred in refusing to submit manslaughter in the second degree (Penal Law § 125.15 [1]), as a lesser-included offense of the count charging him with the intentional murder of Iris Cuadrado (*see* CPL 300.50; Penal Law § 125.25 [1]; *People v Greene*, 87 AD3d 551, 551 [2011]). Although the defendant's own testimony, viewed in isolation, might have supported submission of the requested lesser offense, that testimony was conclusively refuted by the evidence regarding the number, depth, and severity of Cuadrado's wounds (*see People v Rivera*, 23 NY3d 112, 121 [2014]). Thus, even viewing the evidence in the light most favorable to the defendant, as we must, there simply was no reasonable view

of it that the defendant recklessly, and not intentionally, caused Cuadrado's death (*see* CPL 300.50 [1]; *People v Rivera*, 23 NY3d at —, 2014 NY Slip Op 02379, *10-11). Accordingly, the trial court properly refused to submit manslaughter in the second degree to the jury (*see People v Rivera*, 23 NY3d at —, 2014 NY Slip Op 02379, *10-11; *People v Lopez*, 72 AD3d 593, 593 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.