People v Trice (2023 NY Slip Op 01015)

People v Trice

2023 NY Slip Op 01015

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-11449
 (Ind. No. 1627/17)

[*1]The People of the State of New York, respondent,
v
Emanuel Trice, appellant.

Leon H. Tracy, Jericho, NY, for appellant, and appellant pro se.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell and Madeline Collins of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered September 20, 2019, convicting him of reckless endangerment in the second degree, assault in the second degree, leaving the scene of an incident without reporting, operating a motor vehicle without an ignition interlock device, operating a motor vehicle while under the influence of alcohol or drugs (two counts), aggravated driving while intoxicated, driving while ability impaired by drugs, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, aggravated unlicensed operation of a motor vehicle in the third degree, aggravated unlicensed operation of a motor vehicle in the second degree (two counts), aggravated unlicensed operation of a motor vehicle in the first degree (two counts), vehicular assault in the first degree (three counts), reckless driving, and aggravated vehicular assault (three counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Christopher Quinn, J.), of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.
ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials is granted, his plea of guilty is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.
At a pretrial suppression hearing, a police officer testified that, on August 13, 2017, at approximately 9:35 p.m., he stopped the defendant and another male, both of whom matched the description of individuals suspected of leaving the scene of a motor vehicle accident where a motorcyclist had been struck. At that time, the defendant and the other male were detained and were not "free to leave." Further, at least ten police vehicles responded to the location, along with several officers.
Thereafter, without advising the defendant of his Miranda rights (see Miranda v Arizona, 384 US 436), a state trooper asked the defendant his name and performed a "quick cursory pat down" of the defendant's person. The state trooper then engaged in what he indicated was a "more detailed conversation" with the defendant. Specifically, the state trooper inquired whether the defendant was the operator of the subject vehicle. According to the state trooper, in response [*2]thereto, the defendant initially admitted that he was the operator of that vehicle, but then "quickly corrected himself and stated that he took the train" to the location. The state trooper proceeded to ask the defendant additional details relating to the train trip, including "which train he took to that location, which stop he got off at, and where his trip began." The state trooper testified that the defendant "couldn't give . . . an answer to any of those questions." At the time that the state trooper asked these questions, the defendant was placed with his hands on the hood of a police car. Additionally, the "entire street was pretty much blocked off by police vehicles."
The Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the aforementioned statements (hereinafter the initial statements), as well as certain additional statements allegedly made by the defendant after he was transported to the police barracks. The defendant was convicted, upon his plea of guilty of, inter alia, reckless endangerment in the second degree, assault in the second degree, and leaving the scene of an incident without reporting.
On appeal, the defendant contends that he was denied his constitutional rights when he was detained and interrogated without being advised of warnings pursuant to Miranda v Arizona (384 US 436). Thus, he argues that the initial statements should have been suppressed.
At the outset, contrary to the People's contention, the defendant did not forfeit review of the hearing court's suppression ruling by pleading guilty (see CPL 710.70[2]).
Moreover, under the totality of the circumstances, the defendant was in police custody at the time that he made the initial statements in response to the questions asked by the state trooper (see People v Yukl, 25 NY2d 585, 589; People v Torres, 172 AD3d 758, 760-761; People v Stephans, 168 AD3d 990, 994). "The standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d 122, 129; see People v Harris, 48 NY2d 208, 215). The issue of whether a suspect is in custody is generally a question of fact (see People v Reardon, 124 AD3d 681, 683), and does not turn on the subjective beliefs of the defendant (see People v Yukl, 25 NY2d at 589), or the subjective intent of the police officer (see People v Reardon, 124 AD3d at 683). "The factors to be weighed include the amount of time which the defendant spent with the police, the manner, if any, in which his freedom was restricted, the location and atmosphere of his questioning, the degree of cooperation which he exhibited, whether he was apprised of his constitutional rights, and whether the questioning was investigatory or accusatory in nature" (People v Petrovich, 202 AD2d 523, 524, affd 87 NY2d 961; see People v Santjer, 190 AD3d 983, 984; People v Hirji, 185 AD3d 1053, 1055). Here, a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave (see People v Paulman, 5 NY3d at 129; People v Harris, 48 NY2d at 215; People v Yukl, 25 NY2d at 589). The defendant was detained and not free to leave when he made the initial statements. The location was blocked by at least ten police vehicles and multiple officers were present. Further, the defendant's hands were placed on top of a police vehicle when he was questioned by the state trooper.
The questioning by the state trooper constituted "custodial interrogation," such that Miranda warnings were required. "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect" (Rhode Island v Innis, 446 US 291, 301 [footnote omitted]; see People v Tavares-Nunez, 87 AD3d 1171, 1172). Here, the questions posed to the defendant by the state trooper were not merely designed to clarify the situation, but rather constituted interrogation (see People v Rifkin, 289 AD2d 262, 263; cf. People v Valentin, 118 AD3d 823, 824 [police officer's single question did not amount to interrogation, but was merely an attempt to clarify the situation confronting the police]). We are not persuaded that this was the type of brief, crime-scene inquiry that may be conducted without the administration of Miranda warnings to enable police to ascertain transpiring events (see People v Hardy, 5 AD3d 792, 793). Instead, the defendant was subject to express questioning, including whether he was the operator of the subject vehicle, which was designed to elicit an inculpatory response without the benefit of Miranda warnings. Consequently, since the initial statements were made prior to the administration of Miranda [*3]warnings, such statements should have been suppressed (see People v Rivera, 91 AD3d 972, 973). "Since it cannot be said with certainty that the erroneous ruling [to deny the suppression of the statements] played no part in [the] defendant's decision to plead guilty, the plea must be vacated and further proceedings had" (People v Harris, 48 NY2d at 215). Accordingly, we reverse the judgment, vacate the plea of guilty, and remit the matter to the Supreme Court, Nassau County, for further proceedings on the indictment.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court