■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RIVAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered May 13, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing record reveals that, in response to a report of a possible homicide, Police Officer James Murray proceeded to 163 Highland Avenue in Yonkers. There he discovered, on a stairwell leading from a porch behind the defendant's apartment, the body of Frank Frendo, the owner and superintendent of the apartment building. To avoid disturbing the scene, the officer decided against walking over the body. He went around to the front of the building, proceeded up the stairs, and knocked on two apartment doors. A woman, later revealed to be living with the defendant, opened one of the doors, and, because she spoke no English and the officer spoke no Spanish, they communicated by hand signals. She signalled to him that he could enter and she directed him to the kitchen door which led to the porch overlooking the stairs on which the body lay. On his way there, the officer got a strong odor of what seemed to be pine cleaner, noticed that the kitchen floor was wet, and saw what appeared to be blood on the doorway. He also saw, on the porch, a shoe which had blood on it. The police subsequently obtained a search warrant, and pursuant to that warrant, searched the apartment.

The defendant contends that the hearing court erred in denying suppression of physical evidence recovered from his apartment because the police entry into that apartment was

neither consensual nor warranted by probable cause. We disagree. It is well settled "that a hearing court's determination is to be accorded great deference on appeal and will not be disturbed absent a clear showing that it is unsupported by the record" *(People v Cartier,* 149 AD2d 524, 525, *cert denied* 495 US 906). The record clearly shows that the initial entry was consensual *(see, People v Adams,* 53 NY2d 1, 8, 9-10, *cert denied* 454 US 854), and also reveals that no search was undertaken at the apartment until some four hours later, when a search warrant was obtained.

The defendant's second contention, concerning the admission into evidence of statements, is equally unsupported by the record. While it is true that the defendant, on a *Miranda* form written in Spanish, answered "no" to two questions as to whether he understood his rights to counsel, the defendant signed a statement at the bottom of that form indicating that he understood all the rights set forth in the form, and wanted to speak to the officers without a lawyer present. Moreover, on two other occasions, the defendant had indicated orally to a police interpreter that he understood those rights and wished to waive them. Contrary to the defendant's contention, there was enough evidence on which the hearing court could conclude that he had voluntarily waived his *Miranda* rights *(see, People v Sirno,* 76 NY2d 967, 968; *People v Williams,* 62 NY2d 285, 288-289; *People v Davis,* 55 NY2d 731). We note that, as to two of the statements, there was no requirement for *Miranda* warnings since the defendant made them spontaneously in the presence of the interpreter while speaking to someone on the telephone, and later while standing near the interpreter's desk.

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.