■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER PETROVICH, Appellant. [609 NYS2d 248] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered November 13, 1989, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress his statements to law enforcement authorities. Justice Rosenblatt has been substituted for former Justice Eiber (22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The defendant contends that his oral, written, and videotaped confessions should have been suppressed as the products of a custodial interrogation without his first having been informed of his Miranda rights. We disagree.

The well settled standard for analyzing issues of this nature is whether "a reasonable person in the defendant's position, innocent of any crime, would have believed he was free to leave the presence of the police" (People v Bailey, 140 AD2d

356, 358; *see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). The factors to be weighed include the amount of time which the defendant spent with the police, the manner, if any, in which his freedom was restricted, the location and atmosphere of his questioning, the degree of cooperation which he exhibited, whether he was apprised of his constitutional rights, and whether the questioning was investigatory or accusatory in nature *(see, People v Bailey,* 140 AD2d 356, 358, *supra).*

In the instant matter, a consideration of the credible evidence in light of these factors compels the conclusion that the defendant was not in custody and, thus, was not entitled to his *Miranda* rights until the police informed him that they felt that there were important discrepancies between his statements and those of his girlfriend, at which point the questioning became accusatory in nature. Although the defendant had been at the stationhouse for approximately three hours before being read his *Miranda* rights, the record clearly evinces that his freedom of action was not restricted in any manner. Further, the defendant, who asked a neighbor to call the police and thereupon waited for their arrival, exhibited a willingness to cooperate with the police when he answered questions at the crime scene (his parents' home where they were murdered) and then agreed to accompany the police to the stationhouse. Finally, the nature of the pre-*Miranda* questioning was merely investigatory, since the defendant was simply asked to recount the events of the previous day. Under such circumstances, we hold that a reasonable person, innocent of any crime, would have thought he was free to leave the presence of the police *(see, People v Bailey, supra).*

In addition, we find that the defendant was not denied his Sixth Amendment right to counsel when the trial court, after extensive inquiry, acceded to his request not to charge the jury on the affirmative defense of extreme emotional disturbance. Although the defendant's attorney indicated his disagreement with the defendant's request, the record is clear that the defendant, in making the request, was not seeking to otherwise waive his fundamental right to counsel. Indeed, after the defendant's request, the defense counsel continued in his active representation of the defendant for the remainder of the trial.

We have examined the defendant's remaining claims, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641) or devoid of merit *(see,*

*People v Owens,* 63 NY2d 824, 825-826; *People v Galloway,* 54 NY2d 396, 401; *People v Shapiro,* 50 NY2d 747, 760). Bracken, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.