■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINICIO VALVERDE, Appellant. [789 NYS2d 62]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered July 20, 1999, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant, who is Spanish speaking, did not preserve for appellate review his claims that he did not voluntarily waive his right to counsel and that the police officer who administered his rights in Spanish was not a reliable interpreter, as he did not raise these issues at the suppression hearing or trial (*see* CPL 470.05 [2]; *People v Dancey,* 57 NY2d 1033 [1982]; *People v Elkady,* 287 AD2d 518 [2001]). In any event, the defendant's claims are without merit. The defendant was advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) in Spanish by a Spanish-speaking police officer. The defendant, on a *Miranda* form written in Spanish and English, first checked the line indicating "yes" in Spanish to the question asking "Do you want a lawyer?" However, when asked by the Spanish-speaking police officer if he was requesting a lawyer, the defendant said "no," and checked the line indicating "no," and crossed out and initialed his first response to that question. The defendant also signed a statement on the same form indicating that he understood all the rights set forth in that form. Moreover, the defendant indicated verbally to the Spanish-speaking police officer that he understood his rights but wished to waive them (*see People v Rivas,* 182 AD2d 722 [1992]). Contrary to the defendant's contention, there was enough evidence on which the hearing court could conclude that he made statements to law enforcement officials after he knowingly and voluntarily waived his *Miranda* rights (*see Miranda v Arizona, supra; People v Sirno,* 76 NY2d 967 [1990]; *People v Williams,* 62 NY2d 285 [1984]; *People v Rivas, supra*). Further, the record confirms that the police officer who read him his rights was fluent in Spanish and did not encounter any difficulties in communicating with the defendant.

The defendant's contention that the evidence was legally

insufficient to establish his guilt is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.