People v Santjer (2021 NY Slip Op 00438)





People v Santjer


2021 NY Slip Op 00438


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-11549
 (Ind. No. 1369/15)

[*1]The People of the State of New York, respondent,
v
Charles Santjer, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty and Marion
Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered September 28, 2016, convicting him of leaving the scene of an incident without reporting, and tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to a law enforcement official.
ORDERED that the judgment is affirmed.
The defendant's contention that he was subject to a custodial interrogation prior to being advised of his Miranda rights (see Miranda v Arizona, 384 US 436), and that the pre-Miranda questioning by the police officer rendered his subsequent waiver of his Miranda rights invalid, is unpreserved for appellate review. The defendant failed to move to suppress his statements to the police on this ground or otherwise raise the issue before the County Court (see CPL 470.05 [2]; People v Escamilla, 168 AD3d 758, 759; People v Pleasant, 146 AD3d 985, 986). In any event, the claim is without merit. "The Miranda rule protects the privilege against self-incrimination and, 'because the privilege applies only when an accused is "compelled" to testify, the safeguards required by Miranda are not triggered unless a suspect is subject to "custodial interrogation"'" (People v Paulman, 5 NY3d 122, 129, quoting People v Berg, 92 NY2d 701, 704). "The standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d at 129; see People v Harris, 48 NY2d 208, 215; People v Brown, 177 AD3d 763, 764-765). The issue of whether a suspect is in custody is generally a question of fact that does not turn on the subjective intent of the police (see People v Reardon, 124 AD3d 681, 683), or the subjective beliefs of the defendant (see People v Yukl, 25 NY2d 585, 589). "The factors to be weighed include the amount of time which the defendant spent with the police, the manner, if any, in which his freedom was restricted, the location and atmosphere of his questioning, the degree of cooperation which he exhibited, whether he was apprised of his constitutional rights, and whether the questioning was investigatory or accusatory in nature" (People v Petrovich, 202 AD2d 523, 524, affd 87 NY2d 961; see People v Blake, 177 AD2d 636, 636).
Here, on April 4, 2015, a pedestrian crossing Carleton Avenue in East Islip was struck [*2]by a dark-colored pickup truck. The suppression hearing testimony, which was adduced to adjudicate other issues raised on the suppression motion, established that a police detective went to the defendant's home at approximately 7:35 p.m. on April 7, 2015. The detective explained to the defendant that he was investigating a hit-and-run accident involving a pedestrian, and that the defendant's vehicle matched the description of the vehicle involved in the accident. The defendant voluntarily agreed to allow the detective to inspect his vehicle, which was parked in the driveway of his home, and answered questions regarding his whereabouts on the evening of the accident. After the detective observed that the vehicle's passenger headlight assembly was missing, the defendant revealed, in response to the detective's questions, among other things, that the defendant had been out at a bar on the evening in question, and that he would have used the road where the accident occurred to navigate home. The detective then asked if he and the defendant could go inside the house, at which time the defendant, inter alia, was read, and then waived, his Miranda rights. At no point during the interview was the defendant handcuffed or restricted in his movement, and the pre-Miranda questions were investigatory and not designed to elicit an incriminating response. The interview did not take place in a coercive environment, and a reasonable, innocent person would not have believed that he or she was in custody at the time (see People v Hirji, 185 AD3d 1053, 1053; People v Coggins, 234 AD2d 469, 470). Accordingly, the defendant's pre-Miranda statements did not merit suppression, and did not invalidate his subsequent waiver of his Miranda rights.
Viewing the evidence in the light most favorable to the prosecution (People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of leaving the scene of an incident without reporting, and tampering with physical evidence, beyond a reasonable doubt. Moreover, upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643). The defendant does not contest that he was operating the vehicle that struck the pedestrian. Instead, he contends that the evidence failed to demonstrate that he knew, or had cause to know, that he had struck a pedestrian. Given the circumstances of the accident, including that the area of the accident had lighting, that the victim was crossing the street when he was struck, that the victim was propelled 10 to 20 feet by the force of the impact, and that an eyewitness heard the sound of the impact from inside her closed vehicle, as well as the damage to the defendant's vehicle, the evidence established that the defendant knew, or had cause to know, that he had caused personal injury to another person (see Vehicle and Traffic Law § 600 [2] [a]; People v Williams, 150 AD3d 902, 902; People v Kohler, 85 AD3d 1203, 1203).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, LASALLE, and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court