People v Novas (2022 NY Slip Op 02877)

People v Novas

2022 NY Slip Op 02877

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Ind No. 1262/18 Appeal No. 15807 Case No. 2021-00760 

[*1]The People of the State of New York, Appellant,
v
Danny Novas, Defendant-Respondent.

Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for appellant.
Caprice R. Jenerson, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), and Debevoise & Plimpton LLP, New York (Chana Y. Zuckier of counsel), for respondent.

Order, Supreme Court, New York County (Abraham L. Clott, J.), entered on or about February 8, 2021, which granted defendant's CPL 330.30(1) motion to set aside a jury verdict convicting him of leaving the scene of an incident without reporting, and which dismissed the indictment, unanimously reversed, on the law, the indictment and verdict reinstated, and the matter remanded for sentencing.
Defendant's motion to set aside the verdict on the ground of legally insufficient evidence was procedurally proper, in that the same specific challenge to the evidence was preserved at trial (see People v Hines, 97 NY2d 56, 61-62 [2001]). We conclude however, that the court should have denied the motion. Defendant's conviction of leaving the scene of an incident without reporting was supported by legally sufficient evidence, including sufficient evidence, when viewed in the light most favorable to the People (see generally People v Danielson, 9 NY3d 342, 349 [2007]), that when defendant left the scene, he knew or had "cause to know" that personal injury had been caused to the victim (Vehicle and Traffic Law § 600[2][a]]).
Testimony established that defendant knew, at least, that he was involved in an incident during which a pedestrian came into contact with his white Mercedes GLA. The pedestrian/victim testified that as he ran out into the street, the front right bumper of the white car hit him on the lower left leg. He testified that he felt himself hit the side view mirror and front bumper and then fall to the ground. Medical records established that the pedestrian/victim sustained comminuted fractures to the left leg which indicated significant force. According to the testimony elicited at trial, shortly after the contact, defendant asked the front passenger "to push back out" the side view mirror and asked his passengers whether they felt anything or felt the car stop. Photographs of defendant's Mercedes, which were introduced into evidence, show damage and blue marks to the front bumper. A reasonable inference could be drawn that the damage to the front bumper of defendant's car was caused by contact with the pedestrian/victim and not from a prior accident, as testified to by defendant's sister. Finally, while the surveillance video introduced at trial does not depict the actual accident, it does show the pedestrian/victim running into the street and a white car pass through the frame without stopping. Individuals are then seen running toward where the pedestrian/victim had run. The totality of the evidence leads to the inference that defendant saw the pedestrian/victim and felt the impact when he hit him (see People v Santjer, 190 AD3d 983 [2d Dept 2021], lv denied 36 NY3d 1100 [2021]). Finally, when
viewed together with the other evidence, defendant's statements falsely denying to police that anything happened on his way home from a cafÉ or that he had been drinking suggest that he knew he hit someone, causing injury, and sought to conceal that [*2]fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022