People v Keyes (2023 NY Slip Op 03803)

People v Keyes

2023 NY Slip Op 03803

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-04133
 (Ind. No. 1108/20)

[*1]The People of the State of New York, appellant,
v
Edward Keyes, respondent.

Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan, Kevin C. King, and David L. Glovin of counsel), for appellant.
Joseph A. Lo Piccolo, Garden City, NY, for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Nassau County (Patricia A. Harrington, J.), dated April 21, 2022. The order, insofar as appealed from, upon reargument, adhered to a determination in an order of the same court dated February 28, 2022, granting the defendant's motion for leave to reargue that branch of his omnibus motion which was to suppress his statements to law enforcement officials, which had been denied in an order of the same court dated October 28, 2021, and, upon reargument, in effect, vacating the determination in the order dated October 28, 2021, denying that branch of the defendant's omnibus motion, and thereupon granting that branch of the defendant's omnibus motion.
ORDERED that the order dated April 21, 2022, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, and, upon reargument, so much of the order dated February 28, 2022, as granted the defendant's motion for leave to reargue that branch of his omnibus motion which was to suppress his statements to law enforcement officials, and, upon reargument, in effect, vacated the determination in the order dated October 28, 2021, denying that branch of the defendant's omnibus motion, and thereupon granted that branch of the defendant's omnibus motion is vacated, and thereupon the defendant's motion for leave to reargue is denied.
In an order dated October 28, 2021, the Supreme Court, after a hearing, denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The defendant moved for leave to reargue that branch of his omnibus motion, and, in an order dated February 28, 2022, the court granted leave to reargue and, upon reargument, in effect, vacated the determination in the order dated October 28, 2021, denying that branch of his omnibus motion which was to suppress his statements to law enforcement officials, and thereupon granted that branch of his omnibus motion. Thereafter, the People moved for leave to reargue their opposition to the defendant's motion for reargument, and, in an order dated April 21, 2022, the court, upon reargument, adhered to its prior determination in the order dated February 28, 2022. The People appeal.
Probable cause requires "'information sufficient to support a reasonable belief that an offense has been [committed] or is being committed'" (People v Jones, 202 AD3d 821, 825, quoting People v Bigelow, 66 NY2d 417, 423). "[P]robable cause must be determined from the sum [*2]of the information known to the police at the time of the warrantless arrest and without the benefit of hindsight" (People v Laskaris, 82 AD2d 34, 39). Here, the Supreme Court, upon reargument, should not have adhered to its determination in the order dated February 28, 2022. Probable cause existed to arrest the defendant for leaving the scene of an incident without reporting (see Vehicle and Traffic Law §§ 600[1][a]; 602; see also People v Santjer, 190 AD3d 983, 985; Peresluha v City of New York, 60 AD2d 226, 231). Therefore, denial of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials was warranted. Accordingly, upon reargument, the court should have denied the defendant's motion for leave to reargue that branch of his omnibus motion which was to suppress his statements to law enforcement officials.
In light of our determination, we need not consider the People's remaining contention.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court