People v Novas (2025 NY Slip Op 01431)

People v Novas

2025 NY Slip Op 01431

Decided on March 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Ind No. 1262/18|Appeal No. 3884|Case No. 2024-05688|

[*1]The People of the State of New York, Respondent,
v
Danny Novas, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Adrianna Finger of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered June 24, 2022, convicting defendant, after a jury trial, of leaving the scene of an incident without reporting, sentencing him to time served and a fine of $1,000, and revoking his driver's license, unanimously affirmed.
We previously found that the verdict in this case was supported by legally sufficient evidence (People v Novas, 204 AD3d 613 [1st Dept 2022], affd 41 NY3d 956 [2024]; see also People v Baque, __ NY3d __, 2024 NY Slip Op 05244 [2024]). We now find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The totality of the evidence, including the victim's testimony and surveillance video (generally corroborating his account of the incident), medical records, expert medical testimony, and photographic evidence of damage to defendant's vehicle, gives rise to a reasonable inference that defendant knew or had "cause to know that personal injury ha[d] been caused to" the victim (Vehicle and Traffic Law § 600[2][a]; see People v Hakala, 270 App Div 612, 614 [1st Dept 1946] ["Such knowledge need not necessarily be established beyond all doubt. If the circumstances would ordinarily give rise to the belief in a reasonable [person] that injury would flow, or had flowed, from the accident or collision, then it is the duty of the motorist to stop"]).
The surveillance video footage does not depict the impact, but it confirms that there was generally good visibility in the area, despite the late hour and rainy weather; the victim crossed the street in front of defendant's oncoming car; and defendant's car did not slow or stop but quickly left the location. The victim testified that he was struck by the front passenger side bumper of the car and felt himself contact the hood and side view mirror. The vehicle's front passenger side bumper was cracked and smudged with dark blue stains, and the victim was wearing blue jeans. Testimony from the passenger in the vehicle and from a friend who spoke to defendant shortly after the incident established that defendant was aware that his car had contacted a pedestrian, and the medical evidence indicated that the victim was struck with "significant force" (Novas, 204 AD3d at 614), supporting the reasonable inference that defendant knew or should have known that the victim was injured. In addition, defendant's false statements to police — in which he denied speaking to his friend after the collision, consuming any alcohol, or being involved in an incident on the way home — provided evidence of consciousness of guilt (see People v Ficarrota, 91 NY2d 244, 250 [1997]; People v Jackson, 118 AD3d 635, 636 [1st Dept 2014], lv denied 24 NY3d 1044 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 13, 2025