People v Saravia (2025 NY Slip Op 03827)

People v Saravia

2025 NY Slip Op 03827

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2018-00977
 (Ind. No. 639/17)

[*1]The People of the State of New York, respondent,
v
Luis Saravia, appellant.

Del Atwell, East Hampton, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered December 6, 2017, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Barbara Kahn, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's contention that his statements to law enforcement officials should have been suppressed on the ground that his waiver of Miranda rights (see Miranda v Arizona, 384 US 436) was rendered invalid, because the police failed to provide him with a qualified translator to aid in the administration of Miranda warnings, is unpreserved for appellate review. The defendant failed to raise the issue in support of that branch of his omnibus motion which was to suppress his statements or otherwise raise the issue before the County Court (see CPL 470.05[2]; People v Santjer, 190 AD3d 983, 983; People v Escamilla, 168 AD3d 758, 759). In any event, the contention is without merit, as the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his Miranda rights (see Miranda v Arizona, 384 US 436). The evidence at the suppression hearing established that a Spanish-speaking police officer translated the Miranda rights into Spanish for the Spanish-speaking defendant and that the police officer who read the defendant his rights was fluent in Spanish and did not encounter any difficulties in communicating with the defendant (see People v Zelaya, 170 AD3d 1206, 1207; People v Valverde, 13 AD3d 658, 659).
The defendant's contention that the victim's testimony was unreliable and legally insufficient to support the defendant's convictions is unpreserved for appellate review, since he did not specify this ground in his motion to dismiss at trial (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the [*2]jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147), and the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's sentence, which was within the statutory range, was not illegal (see Penal Law §§ 70.06[6][c]; 70.45[2-a][g]). The defendant's contention that the sentence imposed improperly penalized him for exercising his right to trial is unpreserved for appellate review, since he did not raise it at the sentencing hearing (see People v Robinson, 195 AD3d 950, 952). In any event, the record fails to establish that the sentence imposed was vindictive or that the County Court penalized the defendant for exercising his right to proceed to trial (see People v Katzman, 161 AD3d 770, 772; People v Seymore, 106 AD3d 1033, 1034).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court